McKee *et al. v.* Hungate *et al.*

No. 11,650.

## McKee et al. *v.* Hungate et al.

ASSIGNMENT OF ERROR.—A joint assignment of errors must be well taken by all of the appellants who join in the assignment, or else it is not well taken by any and can not be sustained.

SAME.—*Names of Parties.*—Where the names of certain parties to the record appear among the names of the appellants and also of the appellees, but they do not otherwise appear to be appellees, and they brief and submit the case as appellants, they will be deemed appellants in the Supreme Court.

From the Knox Circuit Court.

*S. N. Chambers, G. G. Reily* and *W. C. Niblack,* for appellants.

*T. R. Cobb, D. H. Cobb* and *J. C. Adams,* for appellees.

BEST, C.—The appellants, John, Alfred and Henry Simpkinson, brought this action against their co-appellants Robert S. McKee and Edward Branham and the appellees to enforce a lien upon real estate. The appellants McKee and Branham filed a cross complaint also to enforce a lien upon such real estate. Issues were formed, tried, and judgment rendered for the appellees.

The appellants join in an assignment of errors, alleging that "the court erred in overruling the plaintiffs' demurrer to the first paragraph of Elizabeth Hungate's answer;" that it "erred in overruling the plaintiffs' demurrer to the first paragraph of Henry W. Nierste's answer," and that it "erred in its conclusion of law upon the facts found."

These demurrers were filed by the appellants, who instituted the suit, and an exception to the conclusion of law was alone reserved by them. The other appellants did not join in these demurrers, nor was any exception to the conclusion of law taken by them. The assignment of errors, therefore, can not be sustained by them. As the assignment is joint and can not be sustained by two of the appellants, it can not be sustained by any of them. Such an assignment must be well

taken by all, or else it is not well taken by any. This has frequently been decided. *Eichbredt* v. *Angerman,* 80 Ind. 208 ; *Towell* v. *Hollweg,* 81 Ind. 154 ; *Feeney* v. *Mazelin,* 87 Ind. 226.

The names of McKee and Branham also appear among the names of the appellees, but as they do not otherwise appear to be such parties, and as they have submitted and briefed the case as appellants, they must be so regarded notwithstanding the fact that their names thus appear. For the reasons given, the assignment of errors can not be sustained, and the judgment should therefore be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellants' costs.

Filed Nov. 21, 1884. Petition for a rehearing overruled Feb. 14, 1885.