Filed Jan. 22, 1885.

---

No. 11,665.

## HINKLE ET AL. *v.* SHELLEY.

ASSIGNMENT OF ERROR.—*Practice.*—A joint assignment of error, in the Supreme Court, by two or more appellants, can not be sustained, unless it is well assigned by all.

Hinkle *et al. v.* Shelley.

From the Clinton Circuit Court.

*A. E. Paige* and *S. O. Bayless*, for appellants.

*L. C. Burke, W. A. Staley* and *J. V. Kent*, for appellee.

Howk, J.—This was a civil suit by the appellee, Shelley, to recover damages for an assault and battery alleged to have been committed upon him by the appellants, Hinkle, Herron, Barnett, Timerman and Graham. All the appellants except Graham jointly answered by a general denial of the complaint. The issues thus joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of $300. Judgment was rendered on the verdict against all the appellants except Graham, and, their motion for a new trial having been overruled, they have appealed to this court.

All the appellants, Graham included, have jointly assigned a single error upon the overruling of the motion for a new trial. It is manifest from our statement of this case that the appellant Graham has nothing to complain of in this court. The record fails to show that he was ever served with process in this cause, or that he appeared therein in the court below, either in person or by attorney. No judgment was rendered against him below, and the record discloses no ground whatever for his joinder in this appeal. As we have already said, he has joined with his co-appellants in the assignment of error. In this court the assignment of error is the complaint of the appellants, and, like a complaint in a trial court, it must be good as to all who join therein, or it will be good as to none. It has often been held by this court, that a joint assignment of error by two or more appellants can not be sustained, unless it is well assigned by all. *Eichbredt* v. *Angerman*, 80 Ind. 208 ; *Towell* v. *Hollweg*, 81 Ind. 154 ; *Feeney* v. *Mazelin*, 87 Ind. 226 ; *Williams* v. *Riley*, 88 Ind. 290 ; *Boyd* v. *Pfeifer*, 95 Ind. 599 ; *Robbins* v. *Magee*, 96 Ind. 174.

It may be said that this rule of practice is technical, and

we admit that it is; but sometimes, as in this case, a techni-cal rule enables us to affirm a judgment which ought not, in our opinion, to be reversed. In the hurry of trial, errors may be committed in the admission or exclusion of evidence, which, if considered, might lead to the reversal of the judg-ment, even where, as in this case, it appears to us from the entire record that substantial justice has been done. Where, as here, the record shows that five men seized upon one man, blindfolded him, hurried him to the woods, tied him to a tree and whipped him, merely because his habits and conduct were not in accord with their views of propriety, and they are as-sessed therefor the moderate damages adjudged against them in this case, we may be excused, we trust, for availing our-selves of the technical, but well settled, rule of practice above stated, in order to affirm such judgment. The error assigned is not well assigned by the appellant Graham, and, being a joint assignment, it can not be sustained as to the other ap-pellants. The questions discussed by counsel, therefore, are not properly presented for our decision.

The judgment is affirmed, with costs.

Filed Jan. 27, 1885.