Filed Oct. 28, 1885.

———————◆———————

No. 11,736.

## TUCKER ET AL. *v.* CONRAD.

DEDICATION.—*Passive Acquiescence, with Knowledge, in Use of Uninclosed Lot in Town for Street Purposes.*—Mere passive acquiescence, with knowledge, by the owner of an uninclosed and unimproved lot in a town or city, in its use by the public for street or highway purposes, until such time as he may be able and willing to improve the same, does not constitute a dedication.

SAME.—*Evidentiary Facts.—Intended Dedication.*—Evidentiary facts, tending to prove an intended dedication, or from which it might possibly be presumed, are not themselves such an intended dedication.

SAME.—*User.—General Highway Law.*—It seems that the provisions of section 5035, R. S. 1881, in relation to highways by user, are not applicable to the public streets of a town or city.

SUPREME COURT.—*Joint Assignment of Error.—Practice.*—An alleged separate error against one of several appellants is not presented on appeal by a joint assignment of error by all.

From the Kosciusko Circuit Court.

*L. H. Haymond, L. W. Royse, H. S. Biggs* and *J. W. Cook,* for appellants.

*J. S. Frazer* and *W. D. Frazer,* for appellee.

HOWK, J.—In this case the appellee, Conrad, sued the appellants, Tucker, Greene and the city of Warsaw, in a complaint of two paragraphs. The object of the suit was to recover damages for breaking and entering, as alleged, the appellee's close, destroying his fences, etc. The close in question is described as lot No. 58, in the original plat of the town, now city, of Warsaw, in Kosciusko county. The appellants' defence was that such lot or close had, with the ac-

quiescence of the owners thereof from time to time, and by its long user by the public as a thoroughfare, become a public street or highway of the town or city of Warsaw. Issues were joined in the cause by the appellants' answers in general denial of appellee's complaint, under which answers it was agreed by all the parties to the record that all proper matters of defence or reply, without having been specially pleaded, might be given in evidence. The cause was tried by a jury and a special verdict was returned, whereon the appellants, as well as the appellee, moved the court for judgment. The appellants' motions were severally overruled, but the court sustained the appellee's motion, and rendered judgment in his favor for the damages assessed and costs.

Errors are assigned here by the appellants which call in question the rulings of the trial court upon the several motions for judgment on the special verdict.

The findings of the jury, in their special verdict, are stated in separate paragraphs, numbered from 1 to 23, both inclusive. 'Of these the first ten paragraphs contain an equal number of links in the chain of appellee's title to the lot in controversy, giving the kind and date of each deed, and the names and residence of the grantors and grantees respectively therein. In this chain of title, the first deed was dated October 20th, 1836, and the last deed, which was executed to the appellee, was dated July 18th, 1867, and the jury found that the "plaintiff, Conrad, has been the owner of said lot No. 58 ever since said 18th day of July, 1867, to the present time, and is still the owner thereof."

In the remaining paragraphs of their special verdict the findings of the jury were, in substance, as follows:

11. In December, 1846, a road was opened, being the road now in controversy, commencing on Buffalo street, in the town, now city, of Warsaw, and running diagonally across said lot No. 58, north 45° east, until it intersected a public highway, known as the Warsaw and Goshen road, which last men-

Tucker *et al. v.* Conrad.

tioned highway was then, and has been since, known in the town, now city, of Warsaw, as Detroit street.

12. Said road, passing diagonally over such lot 58, was opened up by the public in December, 1846, as a public highway, and it was at that time intended by the public that it should be a public highway, and has been ever since until July 1st, 1866, at which time it was obstructed by a fence built by John R. Nye, and money and labor have been expended thereon by the public authorities, from year to year, from the last mentioned date until the present time; and such road has been occupied, used and travelled by the public generally, as a public highway, from July 1st, 1866, continually to May 23d, 1882, when it was obstructed by a fence built by plaintiff, Conrad; and from May 25th, 1882, up to the present time, it has been constantly used by the public.

13. The plaintiff, on or about the 23d day of May, 1882, built a board fence across such public highway in and upon said lot No. 58, and thereby wholly obstructed the travel thereon. On or about the 25th day of May, 1882, the defendant Edmund J. Greene, as the then mayor of the city of Warsaw, and the defendant Calvin Tucker, as the then city marshal and street commissioner of the city of Warsaw, as such public officers, directed so much of said fence as obstructed said public highway to be taken down and removed, and no more; and no more of such fence was in fact removed than what obstructed such public highway.

14. By the direction of such officers of the city of Warsaw so much of said fence as obstructed said public highway was, on or about the 23d day of May, 1882, removed, and no more, and the same was removed in a careful manner, thereby doing no more damage to the lumber and material composing such fence, and to the premises, than was necessary to remove the obstruction.

15. The road in controversy, passing diagonally over lot 58, had been used continuously, excepting the time it was obstructed by John R. Nye as aforesaid, by the general public

as a public highway, and worked by the public authorities for more than twenty years prior to the commission of the grievances complained of, with the knowledge and acquiescence of the owners of said lot.

16. Prior to the commission of the acts complained of by plaintiff in this action, the said Henry C. Millice, while he was seized in fee of said lot 58, allowed that portion of such lot occupied by said public highway to be used for the purpose of a public highway, and the public then and there accepted the same, and have worked and continually used and travelled the same from that time to the present, except when obstructed by plaintiff as aforesaid.

17. The plaintiff, Conrad, was the owner of said lot 58 for about fifteen years before he built the fence thereon, described in his complaint, during all which time there was a road passing over and across said lot, being the road in controversy, which was continuously used by the public as a public highway, and was worked and kept in repair by the public authorities; and during all said time the plaintiff, Conrad, resided in the town, now city, of Warsaw, and had full knowledge all the time that such road was so used, travelled and worked by the public, and during all said time neither by word nor act made any objection thereto.

18. Since the location of the road in controversy on said lot 58, an addition to the city of Warsaw has been laid out north of such lot, on the west side of said Buffalo street, and all the lots in such addition have been improved, and residences and ice-houses built thereon north to the lake; and the people residing in such addition have no means of ingress and egress eastward except on and along such public highway in controversy, and if such public highway were closed up, their said property would be of less value than it now is; and on the east side of said Buffalo street an addition has been laid out to the city of Warsaw, which would be less valuable if such public highway were closed up.

Tucker *et al. v.* Conrad.

19. The public highway in controversy is a public highway of general public utility.

20. To replace the fence removed would cost $5.

21. Since the location of the public highway in controversy, an addition to the town, now city, of Warsaw, was laid out immediately east of the eastern terminus of such public highway, and a portion of the lots in such addition have been improved by the erection of residences thereon, all of which property would be of less value if such public highway were closed up.

22. At the time of the location of the public highway in controversy, over and across said lot No. 58, such lot had only a nominal value.

23. And we further find that the public highway, at its eastern terminus on Buffalo street, has been moved a little to the north of its original location.

Upon the facts found by the jury in their special verdict, the substance of which we have given, did the trial court err in rendering judgment for the appellee? Or, in other words, are those facts sufficient to show a dedication by the appellee or any of his grantors, near or remote, of his lot in the town or city of Warsaw, described in his complaint, or any part thereof, to the purposes of a street or public highway? Can it be correctly said that the owner of an unenclosed and unimproved lot, in a town or city, who knows of and passively acquiesces in the use by the public of such lot or part thereof, for street or highway purposes, until such time as he may be able and willing to inclose and improve the same, thereby dedicates such lot or part thereof to the use of the public for such purposes? We are of opinion that each of these questions must be answered in the negative.

It will be observed that the jury have nowhere found, in their special verdict, any express or actual dedication by the appellee or any of his grantors, near or remote, of his lot in the town or city of Warsaw, or any part thereof, to or for

the use of the public for street or highway purposes. Nor have the jury found, in any of the paragraphs of their special verdict, that the appellee or any of his grantors, near or remote, ever intended to dedicate the lot described in his complaint, or any part thereof, to or for the use of the public for street or highway purposes. Upon these points, it is true that, in their special verdict, the jury have found a number of evidentiary facts, such facts as might possibly have been evidence of an intended dedication, or have justified a presumption of dedication, if applied to an ordinary highway. But the jury have wholly failed to find, in any of the paragraphs of their special verdict, the *animus dedicandi* on the part of the appellee or any of his grantors, near or remote; and in the absence of such a finding, the trial court could not do otherwise, upon the other facts found by the jury, than to render judgment for the appellee. Evidentiary facts, tending to prove an intended dedication, or from which such a dedication might possibly be presumed, are not of themselves such an intended dedication. *Mansur* v. *State,* 60 Ind. 357; *Mansur* v. *Haughey,* 60 Ind. 364; *Mauck* v. *State,* 66 Ind. 177; *Ross* v. *Thompson,* 78 Ind. 90; *Faust* v. *City of Huntington,* 91 Ind. 493.

The evidence is not in the record, except, possibly, so much thereof as the jury have set out in their special verdict, and that does not make it a part of the record to be considered here as evidence. It does not appear, at all events, that all the evidence given in the cause is contained in the special verdict, and it was not otherwise made a part of the record. If it were conceded that the statutes of this State in relation to public highways were applicable to the public streets of a town or city, the jury did not find that appellee's lot or any part thereof had been continuously used as a public highway, without objection and obstruction on the part of the lot-owner for any period of twenty years or more. It can hardly be said, however, as it seems to us, that the provisions of

section 5035, R. S. 1881, in relation to highways by user, are or were intended to be applicable to the public streets of a town or city. All such streets are public highways, but all public highways are not streets. Under the statutes of this State, towns and cities have exclusive power over the streets, alleys and highways within their limits, and the board of commissioners of the county have, of course, no power or authority over any such street, alley or highway for any purpose, without the consent of such towns or cities. *Sparling* v. *Dwenger*, 60 Ind. 72.

It is further claimed that the trial court erred in rendering judgment against the city of Warsaw. There is no separate assignment of error by the city of Warsaw, and the joint assignment of error by all the appellants does not present the decision complained of by the city for our consideration. *Boyd* v. *Pfeifer*, 95 Ind. 599; *McKee* v. *Hungate*, 99 Ind. 168; *Hinkle* v. *Shelley*, 100 Ind. 88.

We have found no error, in the record of this cause, which requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Oct. 27, 1885.