Hochstedler et al. v. Hochstedler et al.

———————

No. 12,509.

HOCHSTEDLER ET AL. v. HOCHSTEDLER ET AL.

ASSIGNMENT OF ERRORS.—*By Appellants Jointly.*—*Practice.*—Where errors are assigned jointly, a ruling which affects only one of the appellants will not be considered.

PLEADING.—*Exhibit.*—*Reference to in Subsequent Paragraphs.*—Where an exhibit is filed with a pleading, and properly designated, it may be referred to in other paragraphs without specifically making it a part of each of them.

WILL.—*Rule in Shelley's Case.*—Where a life-estate is created in a devisee named, and the same will devises the remainder to devisees, who are named, and their lawful heirs, such devisees take an estate in fee.

SAME.— *When "Heirs" Construed to Mean " Children."*—It is only where the words of the will clearly show that the word " heirs " was used as meaning "children," that the courts will assign it that meaning.

SAME.— *When Clear Devise Affected by Subsequent Words.*—Where one clause of a will gives an estate in clear and decisive terms, such estate can not be taken away or cut down by any subsequent words that are not as clear and decisive as those giving it.

SAME.—*Executor.*—An executor can only take land to the exclusion of the heir or devisee when it is needed for the payment of the testator's debts.

From the Howard Circuit Court.

*J. O'Brien, C. C. Shirley, J. M. Brown* and *N. N. Antrim,* for appellants.

*C. E. Hendry,* for appellees.

ELLIOTT, C. J.—David Hochstedler commenced this suit to foreclose a mortgage executed to him by Jesse Richenback,

and an answer was filed by Richenback confessing the cause of action, but averring that the money due on the mortgage was claimed by Eli T. Hochstedler. The answer asked that Eli T. Hochstedler should be. made a party to the suit, and that the defendant be directed to pay the amount due on the mortgage into court. The prayer of the answer was granted, and the money was paid into court. Gabriel G. Hochstedler and Eli T. Hochstedler filed answers and cross complaints, to which the appellee David Hochstedler successfully demurred. These parties also filed answers and cross complaints as executors of the will of Gabriel Hochstedler, deceased, and Eli T. Hochstedler filed a separate answer as the trustee under the will of Gabriel Hochstedler, deceased. These answers and cross complaints were also held bad on demurrer.

Error is assigned on the rulings on the demurrers to the answers and cross complaints of the appellants as executors, and on the ruling on the answer of Eli T. Hochstedler as trustee.

The errors are assigned by the appellants jointly, and under the settled rules of practice we can only regard those which affect all who join in the assignment. *Thomson* v. *Madison, etc., Ass'n,* 103 Ind. 279; *Hinkle* v. *Shelley,* 100 Ind. 88, and authorities cited; *Boyd* v. *Anderson,* 102 Ind. 217. We can not, therefore, give any consideration to the assignment based on the ruling upon the demurrer to the separate answer of Eli T. Hochstedler.

It is contended by appellees' counsel that some of the pleadings demurred to are insufficient, because they do not set out a copy of the will which is made part of them by way of reference. This contention can not prevail.

The will is referred to in the pleadings as "Exhibit A," and it was sufficient to file it with one of the pleadings and then refer to it as such an exhibit, without making it an exhibit to each paragraph of the pleadings. Where an exhibit is properly designated it may be referred to in different paragraphs without specifically making it a part of each of them, for,

when an exhibit is appropriately designated and brought into the record by one paragraph of a pleading, it is not necessary, nor, indeed, proper, to encumber the record with useless repetitions.

The controlling question in the case is as to the construction of the will of Gabriel Hochstedler, the principal controversy being as to the nature of the interest it vests in the appellee David Hochstedler. So far as the interest of David Hochstedler is concerned, it is only necessary to say that the will of his father, Gabriel Hochstedler, devises property and money to his wife, and then proceeds thus : " The remainder of my property I give and bequeath to each of my five children, John G., Abigail, Eli T., David, and Gabriel G., or their children, heirs or executors, to be equally divided among them. Consideration, however, is to be taken of the amount they may have received during my lifetime as charged in a book kept by me, and in the following manner, to wit : Those who have received the least shall be first made equal to those that are next higher. Should, however, there be a deficiency to raise them all to an equality, then they shall wait until after the death of my beloved wife, Maria, when that which may be left shall be divided in the same way ; if there still be a deficiency to make them equal, then those of my children who have received too much during my lifetime, to make them all equal, shall be required to pay back such amounts as may make them all equal. Should my children, together with my beloved wife, Maria, not be able to come to a mutual understanding in reference to a division of the property falling to them, within the period of six months from my decease, then it shall be sold and turned into money, and be divided as above described ; until it is sold or divided it shall be under the supervision of my executors, the income to be divided as above described. In case when and after the death of my wife, if a dividend has been effected as directed above, and there should be anything left after death of what she has received from my estate, it is my will that my children pro-

ceed to divide equally, exactly as in the first instance. It is my will and devise that the amount yet falling due to my beloved son David shall be under the immediate supervision of my other son, Eli T., who is to give bond and security of double the amount, and who is to loan it on real estate security, first mortgage, on property of one-third value more than the money loaned; the interest thereof is to be paid to my son David; or that the said Eli T., with the consent of said David, may invest the same, or any part thereof, in real estate, the deed to be made to the lawful heirs of my son David. It is my will that nothing hereinbefore mentioned, shall be otherwise understood than that the property otherwise falling to my beloved son David is bequeathed to his lawful heirs, but that he shall have the benefit of all the interest or proceeds thereof as long as he shall live, and after his natural death the principal shall fall to his lawful heirs."

It is conceded by the appellants' counsel, that the clause of the will devising to the appellee David Hochstedler, and his sister and brothers, the estate in possession and in remainder, which is created for them, does, under the rule in Shelley's case, devise an estate in fee. We think the authorities require this concession, for, where a life-estate is created in a devisee named, and the same will devises the remainder to devisees, who are named, and their lawful heirs, they, the devisees, take an estate in fee. *Shimer* v. *Mann*, 99 Ind. 190 (50 Am. R. 82), and cases cited; *Biggs* v. *McCarty*, 86 Ind. 352 (44 Am. R. 320); *Gonzales* v. *Barton*, 45 Ind. 295; *McCray* v. *Lipp*, 35 Ind. 116; *Andrews* v. *Spurlin*, 35 Ind. 262; *Doe* v. *Jackman*, 5 Ind. 283; 2 Washb. R. P. 596; Preston Estates, 271.

It is, however, contended that notwithstanding the fact that if the provisions of the will referred to stood alone, the appellee would take an estate in fee, the later provisions of the will cut down the estate to one for life. We do not doubt that where the words of the will clearly show that the word "heirs" was used as meaning children, the courts

will assign it that meaning. *Shimer* v. *Mann, supra; Ridgeway* v. *Lanphear*, 99 Ind. 251 ; *Brumfield* v. *Drook*, 101 Ind. 190.

But the word "heirs,"·as Mr. Preston says,·"is a powerful one," and it must be given its legal force and effect, unless the words of the will clearly assign it a different signification. *Shimer* v. *Mann, supra*, and cases cited. The inquiry, therefore, is, do the words of the will change the meaning affixed to the word "heirs" by a long line of decisions extending back through the centuries ? In our opinion it can not be said of this will that its language does change the legal meaning of the word "heirs," for we can not reach that conclusion without violating a settled rule of law. The rule to which we refer is thus stated in the case of *Bailey* v. *Sanger, ante*, p. 264: "Where an interest or estate is given in one clause of a will, in clear and decisive terms, 'such interest or estate can not be taken away or cut down by raising a doubt upon the extent and meaning and application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that interest or estate.' *Thornhill* v. *Hall*, 2 Clark & Fin. 22; *Collins* v. *Collins*, 40 Ohio St. 353."

The later provisions of the will are by no means as clear and decisive as the earlier, for, in the earlier, the appropriate words to create a fee are employed, and the devisee is named in direct connection with persons to whom a fee is indisputably granted. It can not be doubted that estates in fee were devised to the sister and brothers of David Hochstedler, and, as he is classed with them, and precisely the same words applied to him as to them, it must surely follow that his estate is the same as theirs. It can not be possible that he took one estate and they another.

We do not in the slightest degree impugn the soundness of the rule, that it is the intention of the testator that must govern the construction of a will, but this intention, as all

the authorities agree, must be the intention that appears upon the application of settled principles of law.

It may well be doubted whether the later provisions of the will apply at all to the land devised in the earlier part of the instrument to David Hochstedler. It is probable that the true construction of the later provisions of the will is, that they apply to other property than the land devised to him and his sister and brothers. The term "principal," as used in the will, can not with propriety be deemed to mean land, nor can the terms, "he shall have the benefit of all the interest and proceeds thereof," be justly construed as referring to land. All these terms may with propriety be construed to refer to money that in equalizing the advancements may be found due to David. This construction seems to be supported by the principal provision of the will which precedes the terms referred to, for it is written: "It is my will and devise that the amount yet falling to my beloved son, David, shall be under the supervision of my son, Eli T., who is to loan it on real estate." This provision can hardly be construed otherwise than as referring to the amount found due David on equalizing the advancements, for it is difficult to perceive how the phrase "the amount yet falling due to my son, David," can be assigned any other meaning. It is enough, however, to declare that the later provisions of the will are not as clear and decisive as those which devise to David an estate in fee, and as they are not, they can not take away or cut down the estate devised in the earlier provisions of the will. *Bailey* v. *Sanger, supra.*

Our conclusion is, that the will devised to David Hochstedler the fee in the land, as it did to his sister and brothers, joined with him in the clause of the will which devised to them their respective interests.

A devisee of land, vested with an immediate estate or an estate in remainder, is not a residuary legatee, and the cases of *Highnote* v. *White,* 67 Ind. 596, and *Gould* v. *Steyer,* 75 Ind. 50, have no application to such a case.

The particular estate in this instance, so far as there is an interest in remainder, is in the widow, but the devisees have even in that estate a vested remainder which they can dispose of without the intervention of the executors. So far as the devise is of a present interest in possession there can, of course, be no question as to the right of disposition. The only case in which the executors can take the land, to the exclusion of the heir or devisee, is when it is needed for the payment of the testator's debts.

Judgment affirmed.

Filed Dec. 17, 1886.