Hanshew *et al. v.* The State, *ex rel.* Deem.

Filed Feb. 7, 1888.

---

No. 12,712.

HANSHEW ET AL. *v.* THE STATE, EX REL. DEEM.

113 261
126 372
113 261
137 234

SUPREME COURT.—*Assignment of Error.—Joint Assignment.—Practice.*—A joint assignment of errors by two or more appellants must be good as to all, or it will not be sufficient as to either, and will present no question on any ruling of the court below against only one of such appellants.

From the Madison Circuit Court.

*J. Jones, H. D. Thompson* and *T. B. Orr,* for appellants.
*C. L. Henry, H. C. Ryan* and *G. M. Ballard,* for appellee.

HOWK, J.—In this case, the first error assigned by appellants, the defendants below, is, that the relator's complaint does not state facts sufficient to constitute a cause of action.

Relator's complaint counted upon an executor's bond, executed by appellants and others on the 30th day of July, 1866, and conditioned that if John and Henry Hanshew should faithfully discharge the duties of their trust as executors of

the last will and testament of Henry Hanshew, deceased, according to law, then such bond should be void, else should remain in full force. As a breach of the condition of such bond, appellee's relatrix alleged that, after the payment of the debts of the testator's estate and costs of administration, there remained in the executors' hands the sum of $2,779.70 for distribution, under the provisions of the testator's will, in equal portions, among his seven children, of whom the relatrix, the wife of Adam Deem, was one; that the testator's executors wholly failed, neglected and refused to pay over the aforesaid sum of money to the distributees under the will, but converted the same to their own use on the — day of ——, 1867; that said executors failed and refused to pay over any part of such sum of money to the relatrix herein, although she demanded the same before the commencement of this suit; that such executors never made any report of final settlement of their said trust, and never paid over the aforesaid sum of money, or any part thereof, to any person entitled to receive the same; and that there was due the relatrix $397.10, as her distributive share of the aforesaid sum of money, with accruing interest thereon. Wherefore, etc.

In their brief of this cause, appellant's learned counsel have failed to point out any objection, and we can see none, to the sufficiency of the facts stated in the complaint of relatrix, the substance of which we have given. The complaint would have been good, we think, even on demurrer thereto for the want of facts, and surely it is good when assailed here by an assignment of error that it does not state facts sufficient to constitute a cause of action. In fact, no allusion is made by appellants' counsel, in their able and exhaustive argument of this cause, to the first error assigned; and, therefore, under the well settled practice of this court, such error, if it exist, must be regarded here as waived.

A number of other errors are jointly assigned by appellants, upon the record of this cause. Each of these specifications or paragraphs of error, in appellants' assignment of

errors, is predicated upon an alleged erroneous ruling of the court below against appellant Hiram Hancher alone, and not against his co-appellant herein, Henry Hanshew. Such erroneous rulings of the court, of course, were not and, in the nature of things, could not be injurious or prejudicial, in any manner, to appellant Hanshew. He saved no exceptions at the time to any of such rulings, and, to say the least, it would have been impertinent in him to have excepted thereto. The rulings of the court against appellant Hancher, in a legal point of view, were of no concern whatever to appellant Hanshew; and, certainly, the latter can not be heard to complain, in this court, of any of such rulings. It is settled by our decisions, that the assignment of errors, upon an appeal to this court, constitutes here the appellant's complaint; and that such assignment, like a complaint in a trial court, must be good as to all who join therein as appellants, or it will not be good as to any of them. Where two or more appellants, as in the case under consideration, jointly complain here, in any specification or paragraph of their joint assignment of errors, of any ruling below against one of them only, as error, such specification or paragraph can not be sustained as to any one, because it is not well assigned by all who have joined in such assignment of errors. Such joint specification or paragraph of error will not call in question here the ruling of the lower court complained of therein. *Hinkle* v. *Shelley*, 100 Ind. 88; *Tucker* v. *Conrad*, 103 Ind. 349; *Hochstedler* v. *Hochstedler*, 108 Ind. 506; *Walker* v. *Hill*, 111 Ind. 223.

This conclusion disposes of all the errors assigned by appellants, upon the record of this cause. No question is properly presented for our decision by any of the errors assigned except by the first error, and that, as we have seen, was practically waived.

The judgment is affirmed, with costs.

Filed Dec. 7, 1887; petition for a rehearing overruled Feb. 8, 1888.