No. 15,006.

HAWKINS ET AL *v.* HEINZMAN ET AL.

APPEAL.—*Assignment of Errors.*—A joint assignment of errors must be good as to all who unite in it, or it will not be good as to any of the appellants.

SAME.—*Infant Defendants.—Service of Process.—Record.*—Where the record recites that the infant defendants were served with process; that a guardian *ad litem* was appointed for them, and that he filed an answer, it can not be objected, on appeal, that the record shows that the infant defendants were not served with process.

SAME.—*Supplemental Complaint.—Objections Not Raised Below.*—An objection that there was irregularity in the filing of a supplemental complaint can not be made for the first time in this court.

NEW TRIAL.—*As of Right.—Partition.*—Where the title to real estate is not put in issue by the pleadings in partition proceedings, a party is not entitled to a new trial as of right.

From the Daviess Circuit Court.

*A. J. Padgett, A. Paget* and *H. Burns,* for appellants.

*J. H. O'Neall* and *W. Hefferman,* for appellees.

ELLIOTT, J.—There is a single assignment of errors in which all of the appellants join, and under a long settled rule of this court a joint assignment of errors must be good as to all who unite in it, or it will not be good as to any of the appellants. The only exception to this long existing rule is in cases where the wife is the real party in interest and her husband joins her in the assignment. Under this rule, should we apply it in its rigid force, we should be compelled to deny the appeal without further consideration, for the assignment is certainly not good as to all who unite in it, but as some other cases depend upon the judgment in this case we will not apply the rule in its rigorous strictness.

It is urged that the trial court had no jurisdiction of the persons of some of the defendants, and this argument rests upon the assumption that the record shows that these defendants were infants, and that they were not served with process. This assumption is valid only in so far as the ques-

tion of nonage is concerned ; it is not valid, however, to any greater extent, for the record does not show that the infant defendants were not served with process; on the contrary, the record recites that the infant defendants were served with process; that a guardian *ad litem* was appointed for them, and that he filed an answer. The summons is not in the record, but the precept filed with the clerk did not require it to be incorporated. It is quite clear that, under the rule that all reasonable presumptions are to be made in favor of the regularity of the proceedings of the trial court, the point that the trial court had no jurisdiction is unavailing.

No objection was made to the filing of the supplemental complaint in the court below, and it is too late to make such an objection here, so that even if it should be conceded that there was some irregularity in filing the supplemental complaint, the appellants are in no situation to avail themselves of it. *Martin* v. *Noble*, 29 Ind. 216 ; *Wood* v. *Ostram*, 29 Ind. 177. The case of *Pond* v. *Irwin*, 113 Ind. 243, cited by the appellants' counsel, is against their position rather than for it.

Where the title to real estate is not put in issue by the pleadings in partition proceedings, a party is not entitled to a new trial as a matter of right. *Gullett* v. *Miller*, 106 Ind. 75. The parties in this case as to whom the title was not put in issue were, therefore, not entitled to a new trial. Conceding that the pleadings as to some of the parties do put the title in issue as to them, and that they were entitled to a new trial as a matter of right, still there can be no reversal, for the assignment of error is joint and is not good as to all who unite in it, for as to some of them the title was not attempted to be put in issue in any mode.

Judgment affirmed.

Filed Nov. 11, 1890; petition for a rehearing overruled Jan. 16, 1891.