Carr *et al. v.* Carr *et al.*

Filed Mar. 29, 1894.

————————◆————————

No. 16,481.

CARR ET AL. *v.* CARR ET AL.

ASSIGNMENT OF ERRORS.—*Joint Assignment.—Must be Good as to all, or Fail Entirely.—Parties.*—If several parties unite in an assignment of errors, the assignment will be unavailing, unless it is good as to all joining therein.

From the White Circuit Court.

*W. Guthrie* and *W. S. Bushnell*, for appellants.

*T. F. Palmer* and *C. C. Spencer*, for appellees.

McCABE, J.—This was a proceeding begun before the Board of Commissioners of White County to establish and construct a public ditch under the drainage act of 1881, empowering county boards to order the same. 2 Burns' Rev. St. 1894, section 5655.

Such proceedings were had as that a favorable report was made by the viewers appointed by the board to mark, locate and lay out the same, estimate and assess benefits, etc.

Thereupon the appellees remonstrated against the establishment of said proposed ditch for various reasons assigned in their remonstrance.

William T. Dobbins, one of the appellants here, up to this point, had been one of the petitioners asking for the establishment of the ditch. On the filing of the remonstrance by others, he asked leave to withdraw from and dismiss the petition as to himself, which was granted by

the board, and the petition as to him was dismissed, and he filed a remonstrance against the establishment of the ditch, and he and the other remonstrators filed separate bonds conditioned for the payment of all costs and expenses caused by their respective remonstrances, if the action of the viewers should not be sustained by the reviewers to be appointed on such remonstrances. The report of the reviewers sustained the report and action of the viewers. The board thereupon ordered the ditch to be established and constructed according to the petition and report of viewers and reviewers.

The remonstrators appealed to the circuit court. The petitioners' motion in the circuit court to dismiss the appeal from the board and for judgment establishing the ditch on the face of the record of the proceedings appealed from, were severally overruled, and the petitioners, appellants here, excepted to each of these rulings. There was a trial resulting in a finding in favor of the remonstrators, appellees here, that the proposed ditch was not one of public utility, upon which judgment followed that the petitioners take nothing by their petition, and that the remonstrators, appellees here, recover their costs.

It is assigned for error that the circuit court erred, first, in overruling the petitioners' motion to dismiss the appeal from the board; second, in overruling the petitioners' motion for judgment establishing the ditch on the proceedings appealed from to the White Circuit Court; and third, in overruling the petitioners', appellees', motion for a new trial.

The assignment of errors here is a joint one, in which all the original petitioners join, including William T. Dobbins, as joint appellants. As we have already seen, Dobbins withdrew from the petition, and it was dismissed as to him, and he became a remonstrator against

the granting thereof before any order was made by the board establishing said ditch. The rulings, therefore, assigned here for error were not prejudicial to him or to his rights, but were really favorable to him, as much so as to any of the other remonstrators. There was, therefore, no error in any of said rulings as to him whatever.

It is settled law that where several parties unite in an assignment of errors they will encounter defeat unless the assignment is good as to all. Where appellants who have good cause to complain of error in a record see fit to join their fortunes with one who has no such cause, in an assignment of error, they have voluntarily chosen to put themselves in the attitude of making a groundless complaint. Elliott's App. Proced., section 318.

It is a rule of practice, essential to the correct administration of justice, that all who join in a motion or pleading must show a right to the relief demanded. The rule applies to complaints, answers, demurrers, motions for new trials and other matters of procedure. It has been applied so often to assignments of error that it would be difficult to cite all the cases to that effect. *Wall* v. *Bagby*, 126 Ind. 372; *Hawkins* v. *Heinzman*, 126 Ind. 551; *Sparklin* v. *Wardens, etc.*, 119 Ind. 535; *Hanshew* v. *State, ex rel.*, 113 Ind. 261; *Walker* v. *Hill*, 111 Ind. 223; *Orton* v. *Tilden*, 110 Ind. 131; *Hochstedler* v. *Hochstedler*, 108 Ind. 506; *Hinkle* v. *Shelley*, 100 Ind. 88; *Tucker* v. *Conrad*, 103 Ind. 349.

This is not a case where a part of several co-parties appeal, in which case it is proper to join the non-appealing co-party as a joint appellant, or to make such co-party an appellant, and serve notice on him. Dobbins ceased to be a co-party with appellants before the trial of the cause in the commissioner's court. Moreover no attempt has been made to bring him in as a non-appealing co-party by serving notice upon him. The assign-

ment of errors presenting no error as to all the appellants, it presents none as to any of them.

The judgment is, therefore, affirmed.

