Armstrong *et al. v.* Dunn *et al.*

Filed January 24, 1896.

---

No. 17,012.

ARMSTRONG ET AL. *v.* DUNN ET AL.

ACTION.—*To Set Aside Fraudulent Conveyance.*—*By Creditors.*—
Creditors may maintain an action to set aside a fraudulent convey-
ance by their common debtor, and subject the property conveyed to
the satisfaction of their several debts, although their claims are
separate and distinct.

ASSIGNMENT OF ERRORS.—*Joint.*—A joint assignment of error is not
good as to any of the appellants if it is not good as to all.

BILL OF EXCEPTIONS.—*Filing.*—*Record.*—A bill of exceptions cannot
be considered as a part of the record where it does not appear that
it was ever filed in the clerk's office.

APPELLATE PROCEDURE.— *Judgment, Reversal.*—*Demurrer.*— *Mis-
joinder of Causes of Action.*—A judgment will not be reversed,
under section 344, R. S. 1894, for error in overruling a demurrer
for misjoinder of causes of action.

JUDGMENT.—*In Action to Set Aside Fraudulent Conveyance, etc.,
by Several Creditors.*—A judgment in an action by several separate
creditors to set aside alleged fraudulent conveyances by several

| 143 | 433 |
|-----|-----|
| 142 | 679 |
| 143 | 433 |
| 144 | 17 |
| 144 | 149 |
| 146 | 388 |
| 147 | 512 |
| 143 | 433 |
| 148 | 80 |
| 150 | 307 |
| 151 | 181 |
| 151 | 547 |
| 143 | 433 |
| 155 | 174 |
| 155 | 311 |
| 143 | 433 |
| 157 | 255 |
| 143 | 433 |
| 160 | 215 |
| 143 | 433 |
| 162 | 370 |
| 143 | 433 |
| 168 | 365 |

defendants, subjecting the land so conveyed to "payments to the judgment mentioned in the complaint, in the order of their priority," is not invalid as subjecting to the payment of a judgment against one of the defendants the land of the other defendants.

PLEADING.—*Complaint.*—*Fraudulent Conveyance.*—*Debtor and Creditor.*—A complaint in an action to set aside as fraudulent separate conveyances by several defendants, brought by several separate creditors, is not demurrable for want of sufficient facts, where it alleges that each plaintiff has a judgment in which one of the defendants is a judgment defendant, although some of the plaintiffs have no judgments against the other defendants.

DEMURRER.—*Joint and Several.*—A demurrer by all of several defendants reciting that they demur jointly as well as separately and severally to the "first, second, and third paragraphs of the complaint," will be treated as a general demurrer by all the defendants, and is bad if the complaint is good against any of them.

SAME.—*Misjoinder of Parties.*—Misjoinder of parties, plaintiff or defendant, is not a cause of demurrer, under section 342, R. S. 1894.

From the Lawrence Circuit Court.

*J. E. Boruff, N. Crooke* and *M. Owen,* for appellants.

*Dunn & Alexander* and *G. O. Isominger,* for appellees.

McCABE, J.—The appellees, as separate judgment creditors of several of the appellants, sued them to set aside several conveyances of real estate situate in Lawrence county, made by some of the appellants to others of said appellants, as fraudulent against the creditors of the grantors. The circuit court overruled separate demurrers to each of the three paragraphs of the complaint.

A trial of the issues formed upon the complaint resulted in a special finding of the facts by the court, on which it stated conclusions of law in favor of the appellees, on which they had judgment over appellants' exceptions to the conclusions of law and their motion for a new trial.

Error is assigned on the action of the court in over-ruling the demurrer to the complaint and the several paragraphs thereof, in overruling the motion of the appellants for a *venire de novo*, in overruling appellants' motion for a new trial, and that neither paragraph of the complaint states facts sufficient to constitute a cause of action.

The complaint was in three paragraphs, but as to the only points of objection urged against each they are exactly alike.

The grounds of objection stated in the demurrers were : (1) That neither paragraph stated facts sufficient to constitute a cause of action ; (2) that several causes of action had been improperly joined in the complaint ; (3) that there was a misjoinder of parties plaintiff, and (4) a misjoinder of parties defendant.

As to the last two causes of demurrer specified, it is sufficient to say that there is no such cause of demurrer known to the civil code.   Burns R. S. 1894, section 342 (R. S. 1881, section 339) ; *Redelsheimer* v. *Miller*, 107 Ind. 485.

As to the ground of misjoinder of causes, it is pro-vided by statute that no judgment shall ever be reversed for any error in sustaining or overruling a demurrer for misjoinder of causes of action.   Burns R. S. 1894, sec-tion 354 (R. S. 1881, section 351).   *Rennick* v. *Chand-ler*, 59 Ind. 354 ; *Coan* v. *Grimes*, 63 Ind. 21.

Therefore we do not consider the question whether there was a misjoinder of causes or not.   That leaves for our consideration only the first ground of objection specified in the demurrer, namely, want of sufficient facts to constitute a cause of action.

Under this objection it is urged that neither para-graph of the complaint stated facts sufficient to consti-tute a cause of action, for the reason that neither of

them shows a cause of action in favor of all the plaintiffs and against all of the defendants.

A failure to state a cause of action against some of the defendants in a complaint, while it states a cause of action against others, would not make the complaint bad as to all, nor be ground for sustaining a demurrer thereto for want of sufficient facts by all the defendants. In such a case the defect can only be taken advantage of by a separate demurrer by the defendants, against whom no cause of action is stated in the complaint. *Berkshire* v. *Shultz*, 25 Ind. 523 (527).

The demurrers were by all the defendants naming them and then read : "Demurs jointly, as well as separately and severally, to the first, second and third paragraphs of the complaint, and to each of them separately, and for cause says that neither of said paragraphs state facts sufficient to constitute a cause of action."

In *Carver* v. *Carver*, 97 Ind. 497, the demurrer on page 500 was as follows : "The defendants separately and severally demur to the first and second paragraphs of the plaintiff's complaint, and for cause of demurrer say that neither of said paragraphs state facts sufficient to constitute a cause of action against them."

This court there said of that demurrer that: "This demurrer, we think, is separate as to each paragraph of the complaint, but clearly joint as to the parties. The words 'separately and severally' cannot be applied both to the separate paragraphs and also to the defendants; we think they apply only to the separate paragraphs. Such would seem to have been the intent of the pleader." To the same effect are *Hanover School Tp.* v. *Gant*, 125 Ind. 557, at page 558 ; *Axtel* v. *Chase*, 83 Ind. 546.

The assignment of error that the complaint does not state facts sufficient to constitute a cause of action is

also joint by all the appellants, defendants below. A joint assignment of error must be good as to all who join therein, or it is good as to none. *Orton* v. *Tilden*, ·110 Ind. 131; *Robbins* v. *Magee*, 96 Ind. 174; *Hinkle* v. *Shelley*, 100 Ind. 88; *Quick* v. *Brenner*, 101 Ind. 230; *Boyd* v. *Anderson*, 102 Ind. 217; *Tucker* v. *Conrad*, 103 Ind. 349; *Hochstedler* v. *Hochstedler*, 108 Ind. 506; *Walker* v. *Hill*, 111 Ind. 223; *Sparklin* v. *Wardens, etc., Church*, 119 Ind. 535; *Arbuckle* v. *Swim*, 123 Ind. 208.

Therefore, the question as to whether the complaint is bad as to part only of the defendants for want of sufficient facts, is not presented by the record. But whether each paragraph thereof states facts sufficient as to all the defendants, *is* presented.

Numerous judgments are alleged to have been recovered by the five plaintiffs against different ones of the defendants.

A fraudulent conveyance of real estate is alleged to have been made by the defendant Wesley Armstrong and his wife to certain other defendants named; another by Abner D. Armstrong and wife to certain of the defendants, and another by Alvin B. Armstrong to the defendants Edward C. Stanard, Jeremiah Stanard and Frank O. Stanard, who were then defendants in the cause. Their demurrer for misjoinder of causes having been sustained, they were taken out of the case and the alleged fraudulent conveyance to them; and Abner D. Armstrong and Jennette, his wife, have dismissed the appeal as to themselves, and no question raised by them in the assigment of errors or by the briefs will be further noticed.

It is first contended that each one of these alleged fraudulent conveyances constituted a separate and distinct cause of action. That would not make the facts

insufficient to constitute a cause of action. The remedy was a motion to separate the causes of action into separate paragraphs, as all three of the alleged fraudulent conveyances were embraced in each paragraph of the complaint. We need not and do not decide whether they constituted separate causes of action or not, as that question is not presented by the record.

. It is contended that neither paragraph of the complaint is good, because it does not appear therefrom that all the plaintiffs were jointly interested in the cause of action. Separate creditors may maintain a joint action to set aside a fraudulent conveyance made by their common debtor, and to subject the property thus conveyed to the satisfaction of their several debts. '

The joint interest they have in obtaining relief from the fraud and subjecting the property fraudulently conveyed to the payment of the debts of the defendants, gives them such a joint interest as enables and entitles them to maintain such an action, though their claims or debts are separate and distinct. *Doherty* v. *Holliday*, 137 Ind. 282; *Elliott* v. *Pontius*, 136 Ind. 641, and cases there cited.

But it is contended that the plaintiffs do not all appear to be interested in all of the causes of action stated in the several paragraphs of the complaint.

It is settled law, as appellants' learned counsel contend, that the complaint to be good must state a cause of action in favor of all of the plaintiffs. *Berkshire* v. *Shultz, supra; Lipperd* v. *Edwards*, 39 Ind. 165; *Maple* v. *Beach*, 43 Ind. 51; *Parker* v. *Small*, 58 Ind. 349; *Harris* v. *Harris*, 61 Ind. 117; *Brumfield* v. *Drook*, 101 Ind. 190; *Brown, Exr.*, v. *Critchell*, 110 Ind. 31..

And it must further appear from the complaint that their interests are joint; that each plaintiff is interested

in the relief asked by the others, or some part of it. *Elliott* v. *Pontius, supra,* and cases there cited.

There were three conveyances alleged in the complaint to have been fraudulently made; one by Wesley Armstrong and his wife, one by Abner D. Armstrong and his wife, and one by Alvin B. Armstrong.

It was alleged that plaintiff Moses F. Dunn had recovered a judgment against the defendants Wesley Armstrong, Abner D. Armstrong, Alvin B. Armstrong, and Noah Armstrong for $1,321.08; that the plaintiff Nathan Jackson had recovered one judgment against Alvin and Abner Armstrong for $633.74, another for $925 against Abner Armstrong, and another for $430.35 against Wesley and the appellant Wallis Craig, whom the court found to be surety for the other defendants therein, and it is alleged that he paid off said judgment; and said Jackson recovered another judgment for $551.65 against Wesley S. Armstrong alone. The plaintiff Caroline M. Berry recovered a judgment for $231.29 against Noah and Wesley S. Armstrong.

The plaintiff Alfred F. Berry recovered a judgment for $475.95 against Noah and Wesley Armstrong, and he recovered another judgment for $432.60 against Alvin and Abner Armstrong.

These judgments, or the debts on which they were founded, were in existence when the alleged fraudulent conveyances were made. So that it will be seen that each one of the alleged judgment creditors had a judgment in which Wesley S. Armstrong was either one of the judgment defendants or the sole judgment defendant. Wallis Craig, who was surety in one of the judgments recovered by Nathan Jackson, and who had paid it off for the principals, Wesley and Abner, was interested in reaching the property of Wesley, fraudulently conveyed, and therefore had a right to join as he did

with the other plaintiffs in seeking to set aside said fraudulent conveyance.

Therefore, all of the plaintiffs were interested jointly and alike in at least a part of the relief sought in the complaint.

It is settled that if the facts stated in the complaint entitle the plaintiffs to any relief, a demurrer for want of sufficient facts should be overruled. *Bennett* v. *Preston*, 17 Ind. 291; *Culbertson* v. *Munson*, 104 Ind. 451; *Owen School Tp.* v. *Hay*, 107 Ind. 351; *Bloomfield R. R. Co.* v. *Van Slike*, 107 Ind. 480.

There was therefore no error in overruling the demurrer for want of sufficient facts. The same rule applies to the assignment of error here, that the complaint does not state facts sufficient.

The substance of the special finding is that the appellee Dunn, on August 29, 1892, commenced an action in the Lawrence Circuit Court, the venue of which was changed on application of the defendants to the Monroe Circuit Court, and on October 26, 1892, he recovered a judgment (on his note executed October 1, 1889, by the defendants therein) against the defendants, Alvin Armstrong, Abner Armstrong, Noah Armstrong, and Wesley S. Armstrong, for $1,308 and costs, a transcript of which was filed in the clerk's office of Lawrence county on October 29, 1892, and caused an execution to be issued on said judgment by the clerk of the Monroe Circuit Court on October 31, 1892, to the sheriff of Lawrence county, which came to the hands of said sheriff on November, 2, 1892, and that said sheriff, on November 18, 1892, returned said execution *nulla bona;* that the plaintiff Nathan Jackson duly recovered a judgment on November 23, 1892, in the Lawrence Circuit Court against Alvin and Abner Armstrong for $633.74, and on November 23, 1892, he

recovered another judgment in said court against Abner Armstrong for $925, with costs, and on November 23, 1892, he recovered another judgment in said court against Wesley S. Armstrong, Abner Armstrong, and the plaintiff herein, Wallis Craig, for $430.35 and costs, said Wallis being surety for said other defendants in said judgment; and on February 23, 1893, said Wallis Craig paid said judgment and costs in full, amounting to $436.80; and on November 23, 1892, said Jackson recovered another judgment in said court against Wesley Armstrong for $551.65 and costs; that on November 23, 1892, the plaintiff herein, Alfred F. Berry, recovered a judgment in said court against Alvin and Abner Armstrong for $432.60 and costs, and said Alfred on the same day recovered a judgment in said court against Noah and Wesley Armstrong for $475.95 and costs; that on the same day, in the same court, plaintiff herein, Caroline M. Berry, recovered a judgment against Noah and Wesley Armstrong for $231.29 and costs; that all said judgments were founded on promissory notes, payable without relief, and the said judgments were rendered collectible without relief from valuation and appraisement laws, and said notes were all due prior to the 21st day of September, 1892; that executions were duly issued on them to the sheriff of said Lawrence county, and by him returned *nulla bona* about the same time the execution on the first judgment above named was so returned; that on September 21, 1892, the defendant herein, Wesley S. Armstrong, was the owner in fee simple of a large body of land situate in said Lawrence county, all of which is particularly described, containing 646 acres; and that on that day he and his wife and co-defendant, Clementine Armstrong, for the purpose and with the intent to cheat, hinder, delay and defraud his creditors, con-

veyed said lands to one Virgil V. Boone, as trustee, for
the purpose of reconveying said lands to said Clemen-
tine Armstrong, wife of said Wesley, for the colorable
consideration of one dollar, but for no actual considera-
tion whatever; and on the same day said Boone, defend-
ant herein, in furtherance of said fraudulent intent, for
no actual consideration conveyed said lands to said Clem-
entine Armstrong; that on the same day said Abner D.
Armstrong was the owner in fee simple of another large
body of land situate in said Lawrence county, contain-
ing in all 962½ acres, more or less; that on said day
said defendant Abner D. Armstrong, and his wife and
co-defendant, Jennette Armstrong for the fraudulent
purpose to cheat, hinder, delay and defraud the cred-
itors of said Abner D., conveyed said lands to Virgil V.
Boone, with the understanding that said Boone was to
reconvey the said lands to the said Jennette Armstrong,
wife of said Abner D., for said fraudulent purpose, and
for the colorable consideration of one dollar, and no
other consideration whatever; and said Boone, with full
knowledge of said fraudulent purpose, did reconvey said
lands to said Jennette Armstrong for no other consid-
eration than the colorable consideration of one dollar;
that Clementine Armstrong was the daughter of Noah
Boone, now deceased, and that she was married to the
defendant Wesley S. Armstrong on the —— day of
————, 1847, and has continued to live with him as
his wife to the present date in said Lawrence county,
Indiana; that the defendant Jennette Armstrong was
the daughter of Noah Boone, deceased, and was mar-
ried to her co-defendant, Abner D. Armstrong, on the
—— day of ————, 1852, and since that date to the
present time has lived with him as his wife in said
Lawrence county; that Noah Boone, the father of
Clementine and Jennette, died in Lawrence county,

Indiana, June, 1862, intestate, leaving a large personal estate and about 1,300 acres of land, and a widow, Jane Boone, and that in the fall of 1847 said Noah Boone gave his said daughter Clementine $500 in cash, which said Clementine at the time turned over to her said husband, Wesley S. Armstrong, as a gift, without any agreement whatever to pay the same back, or in any way account for the same, but to have and hold the same as his own; that in July, 1853, said Noah Boone gave his said daughter Jennette $500 in cash, which she at the time turned over to her said husband, Abner D. Armstrong, as a gift, without any agreement whatever to pay the same back, but to have and to hold the same as his own; that after the death of said Noah Boone, his son, Daniel Boone, administered on said estate, and that said Clementine and Jennette each received from said administrator $1,095.22· as their respective shares in said estate in the year 1862;. that each of said wives, Jennette and Clementine Armstrong, handed over to their respective husbands, Abner D. and Wesley S. Armstrong, said money as a gift, without any agreement whatever to pay the same back, or in any way to account therefor, but to have and hold the same as their own respectively; that said Clementine and Jennette, with the consent of their husbands, in the fall of 1862, sold their interests in the real estate of their deceased father to Daniel Boone and Virgil V. Boone for $1,767.70 each, which amounts were then, or soon thereafter, received by them, but they did not execute deeds for the same until January 31, 1865 ; that said wives each handed her said amount so received by her for her interest in her father's real estate over to her husband as a gift, without any agreement whatever to pay the same back, or in any way to account for the same ; that at the time of the execution

of the deed aforesaid to said Clementine and Jennette Armstrong, said Wesley S. Armstrong was the owner of personal property of the value of $1,000, and was also the owner in fee simple of 390 acres of real estate, free from encumbrance, of the value of $2,000, and that he afterwards turned all this property over to his creditors, except $545 worth thereof he held as his exemption, preferring his creditors so long as his property lasted; and on September 21, 1892, said Abner D. Armstrong was the owner of personal property to the value of $3,800, and also the owner of an undivided one-half interest in 976 acres of land, with a mortgage thereon of $8,000 and interest, which land was of the value of $10,000; that since said September 21, he has turned over all his personal property to his creditors, except $580, which he claimed as his exemption; that he still holds his interest in the 976 acres of land, subject to be sold to pay these creditor plaintiffs; that Alvin Armstrong was the owner of personal property on said September 21, 1892, of the value of $4,000, and real estate of the value of $5,000 in his individual name, and unincumbered, and an undivided one-half interest in the 976 acres of land aforesaid of the value of $10,000, with a mortgage of $8,000 thereon; that all of said personal property, as well as his individual real estate, he turned over to preferred creditors, and that his interest in the 976 acres is still in his name and subject to the payment of plaintiffs' judgments; and that Noah Armstrong was the owner of personal property of the value of $2,500 and real estate, 300 acres unencumbered of the value of $2,500, and that the entire amount of this was turned over to preferred creditors; that they were the owners of this property September 21, 1892, and have turned it over to their creditors other than plaintiffs since said

date; that said defendants, on said 21st day of September, 1892, conveyed and transferred all of their real estate as set forth above, and held no real estate whatever, nor did either of them have or hold any real estate in their own names, except the defendants Abner Armstrong and Alvin Armstrong, who then owned in fee simple in Lawrence county, Indiana, about 1,000 acres of land, which is now, and was September 21, 1892, encumbered with a mortgage executed to the State of Indiana by said Abner and Alvin Armstrong for the sum of $8,000, providing for eight per cent. interest and attorney's fees, and which mortgage was executed by Abner and Jennette Armstrong his wife, and by Alvin and Arie Armstrong his wife, and that said mortgage was executed July 26, 1892, and is unpaid, and that said lands are mortgaged for near their full value, they being known as the Noah Boone lands, and owned by Abner and Alvin Armstrong jointly, and is a different and separate parcel of land from any of the lands mentioned in the special findings herein.

That at the date of said conveyances, to-wit, September 21, 1892, made for the fraudulent purposes aforesaid, the said defendants, Wesley S. Armstrong, Abner Armstrong, Alvin Armstrong and Noah Armstrong were all and each of them in the possession and owners of personal property, consisting of stock, horses, cattle, sheep, hogs, grain and hay of the value of $6,000.00, and at said date and after the commencement of the said action of said Moses F. Dunn, and that of said Nathan Jackson, and after the service of process therein, the said defendants, Abner, Wesley S., Alvin and Noah Armstrong sold and disposed of the same and applied no part of the proceeds of said property to the payment of the debts then long due and owing to these plaintiffs, leaving no prop-

erty on hand out of which the plaintiffs could collect their said claims and debts or any part thereof. That said sales of all of said personal property by said Wesley S., Abner D., Alvin and Noah Armstrong were made for the fraudulent purpose and with the intent to cheat, hinder, delay and defraud these plaintiffs, Moses F. Dunn, Nathan Jackson, Caroline M. Berry, Alfred F. Berry and Wallis Craig, and each of them out of their said debts.

That at the time the several suits by the plaintiffs were begun against the defendants and the rendition of the several judgments thereon, and at the time of making the conveyances complained of in this suit, and long prior thereto the defendants, Wesley S., Abner, Alvin and Noah Armstrong were each of them greatly indebted and in failing circumstances, of which facts said defendants, Clementine and Jennette Armstrong had full knowledge.

The conclusions of law stated are, that the plaintiffs and each of them are entitled to the relief prayed for in their complaint, and are entitled to have the interests of Abner and Wesley S. Armstrong in the lands mentioned and described in the complaint, the description of which is again set out, subjected to the payment of the judgments mentioned in their complaint in the order of their priority ; and to have said conveyances and each of them vacated and set aside as fraudulent. The only objection pointed out in appellants' brief to these conclusions of law are the same as those urged to the sufficiency of the several paragraphs of the complaint.

Appellants' counsel say that "A conclusion of law that the plaintiffs and each of them are entitled to have the interest of Abner Armstrong and Wesley S. Armstrong in the lands contained in the complaint, subjected to the payment of their judgments in the order

Armstrong *et al. v.* Dunn *et al.*

of their priority, and to have said conveyances set aside, * * is too much for at least some of the plaintiffs. For as we have said heretofore in reference to the complaint, plaintiff Dunn is the only one who has a single judgment against the four judgment defendants, and Caroline M. Berry has no claim upon or lien against Abner Armstrong, she having but a single judgment, which is against Wesley and Noah Armstrong; neither has Alfred Berry any one judgment against Wesley and Abner D. Armstrong. How then could the court conclude from the facts found that the plaintiffs and each of them were entitled to the sale on their judgments of the lands of both Wesley S. and Abner Armstrong?"

It is a sufficient answer to this objection to say that these conclusions of law only authorize the relief prayed for in the complaint. And the relief prayed for in the complaint was not that the lands of one of the alleged fraudulent grantors be subjected to the payment of a judgment or judgments against the other. The conclusion of law is that the lands found to be fraudulently conveyed "be * * * subjected to the payment of the judgments mentioned in the complaint in the order of their priority."

Under the circumstances this is a very awkward expression, but it falls very far short of showing that the court intended to conclude as a matter of law, that lands fraudulently conveyed by one of the defendants should be subjected to the payment of a judgment against another, or that such lands should be subjected to the payment of a judgment to which the owner of the land was a stranger. The language "payment of the judgments mentioned in the complaint in the order of their priority," indicates the direct contrary. It indicates the intention to subject the land to payment of judgments where there was priority of right or lien

thereon between the judgments to be paid.    There could be no such right or lien of a judgment against land that the judgment defendant never owned, and never had an interest in.    Besides, the whole record shows that there was no thought of subjecting lands to the payment of a judgment or judgments to which the owner of the land was not a party and to which he was a stranger.

The appellants' counsel do not place their chief reliance on this point for a reversal.    They principally rely on their motion for a new trial, contending that there was no evidence whatever to prove some of the essential facts found in the special finding.    And in support of this contention they refer to and discuss the evidence at great length.    But the evidence is not in the record. There is in the transcript what purports to be a bill of exceptions, incorporating the longhand manuscript of the evidence and its incidents, but it nowhere appears in the transcript that such bill of exceptions was ever filed in the clerk's office.    Under such circumstances it cannot be considered as a part of the record.    *Shulse* v. *McWilliams*, 104 Ind. 512; *Loy* v. *Loy*, 90 Ind. 404; *Stewart* v. *State*, 113 Ind. 505; *Downey* v. *Head*, 138 Ind. 503; *Board, etc.*, v. *Huffman, Admr.*, 134 Ind. 1; *Guirl* v. *Gillett*, 124 Ind. 501; *Shewalter* v. *Bergman*, 132 Ind. 556.

There is no discussion of the alleged error in overruling the appellants' motion for a *venire de novo* in appellants' brief, and therefore the error, if any there was committed, in said ruling is waived by the appellants.

There being no available error assigned, the judgment if affirmed.

Filed October 11, 1895; petition for rehearing overruled January 24, 1896.