## McNally v. White.

[No. 3,978.    Filed December 12, 1901.]

APPEAL.—*Joint Assignment of Errors.*—A joint assignment of errors must be good as to all the appellants who join therein, or it will be good as to none.

From Hamilton Circuit Court; *J. F. Neal*, Judge.

Action in ejectment by Wesley S. White against Richard McNally and others. From a judgment for plaintiff, defendant McNally appeals. *Affirmed.*

*J. Stafford* and *W. Carey*, for appellant.

*I. W. Christian, W. S. Christian* and *E. E. Cloe*, for appellee.

HENLEY, J.—This was an action in ejectment commenced by the appellee against the appellant and others, in which appellee claimed to be the owner of and entitled to the possession of certain real estate described in his complaint. Demurrers were filed to the two paragraphs of the complaint and overruled. An answer of general denial was filed to the complaint and the cause submitted for trial to the court without the intervention of a jury. A special finding of facts was requested, and the court found the facts specially and stated its conclusions of law thereon.

It is assigned as error in this court (1) that the court erred in overruling the separate demurrer of Richard McNally to the amended complaint; (2) the court erred in sustaining the demurrer to the cross-complaint of Richard McNally; (3) the court erred in its conclusions of law on the findings.

In the assignment of errors filed in this court, four parties are named as appellants, to wit, Richard McNally, William McNally, Addie Coverdale, and Frank Coverdale, and the assignment of errors begins as follows: "The appellants say there is manifest error in the judgment and

proceedings in this cause in this, i. e.," then follows the assignment as above set out.   It has been repeatedly held by the Supreme Court of this State, that a joint assignment of error must be good as to all the appellants who join therein or it will be good as to none.   See *Armstrong* v. *Dunn,* 143 Ind. 433, and cases cited; Elliott's App. Proc. §318.

The appellant Richard McNally did not separately assign error in this court.   Counsel for appellant do not contend that either of the other appellants were injured by the decision of the court in its conclusions of law upon the special findings of facts, and as this is the only alleged error discussed by counsel in their brief, the case falls squarely within the rule announced in the case above cited.   We must therefore hold that appellant's assignment of errors as it comes to us presents no question upon which error can be predicated.

Judgment affirmed.