THE TOWN OF BENNINGTON *v.* JASON SMITH AND OTHERS.

*Highways in the village of Bennington.*

The selectmen of the town of Bennington are not by the act incorporating the vil-
lage of Bennington, (Laws of 1849, page 119,) deprived of the power which they
previously had of laying out highways within the limits of said village.

PETITION FOR A CERTIORARI.   The defendants, in 1855, peti-
tioned to the selectmen of Bennington to lay a highway between
certain specified termini in the village of Bennington, and upon
the neglect and refusal of the selectmen to do so, they petitioned
the county court at the December Term, 1855, to appoint commis-
sioners to lay it.   The town of Bennington appeared and moved
that the said petition be dismissed "for want of jurisdiction of the
selectmen of said town of Bennington in and over the subject
matter mentioned and described in said petition, as well as a want
of jurisdiction of the honorable county court, on an appeal taken
from the decision of said selectmen, for as much as it appears from
said petition that an application was made to the selectmen of said
town of Bennington, to lay out and cause to be surveyed a public
highway in said town of Bennington; but which said public high-
way, as described in said petition, is wholly within the charter
limits of the village of Bennington, in said town of Bennington;
and in and by the act incorporating the said village of Benning-
ton, passed November 3, 1849, the sole and exclusive jurisdiction
in and over the subject matter of said petition was given by said
act of incorporation to the trustees of said corporation, who by
said act had the sole and exclusive power and authority to lay out,
alter, maintain and discontinue any street, road, lane or walk in
said village of Bennington, and appraise and settle the damages
therefor, as in and by said act of incorporation will more fully
and at large appear; and after the passage of said act, to wit, on
the first Monday of January, 1850, at a meeting warned and held
for the purpose, a majority of the legal voters of the village of
Bennington did vote to accept, adopt and approve the act of incor-
poration of said village of Bennington, and still act under said act
of incorporation."

It was conceded that the facts set forth in the motion were true,

but the court, — PECK, J., presiding, — overruled the motion and appointed commissioners, upon whose report the highway prayed for was subsequently established.

The town of Bennington then brought their present petition for a certiorari, insisting that by reason of the matters set forth in their motion to dismiss in the county court, that that court had no jurisdiction in the premises.

*J. S. Robinson* and *U. M. Robinson*, for the petitioners.

1. By the act incorporating the village of Bennington (Stat. 1849, 119,) the sole and exclusive jurisdiction over the subject matter of the petition was conferred on the trustees, who, by sec. 4, are invested with the same power and authority over highways, within the charter limits of the village, that the selectmen were by the general law over the town. This act is, therefore, *protanto,* a repeal of the general law, so far as relates to the village of Bennington upon the principle that *leges posteriores priores contrarias abrogant.* This position is fully sustained by the case of *Isham* v. *Bennington Iron Co.,* 19 Vt. 230; *Titcomb* v. *Union Ins. Co.,* 8 Mass. 326; *Hussey* v. *M. & M. Bank,* 10 Pick. 420; *Manuf. Co.* v. *Vanderpool,* 4 Cow. 556; *Caruthers, ex parte,* 9 East. 44; *Harcourt* v. *Fox,* 1 Shaw 520; *Rex* v. *Cator,* 4 Burr. 2026; 14 Petersdorff Ab. 516, n.; Ang. & Ang. on Corp. 112.

2. It is not optional with the trustees whether they will or not exercise the power given them by sec. 4, because the word "may" is used. The authority given them is to be exercised for the benefit of the public, and in such case the word "may" is equally imperative with "shall;" *Malcomb* v. *Rogers,* 5 Cowen 188; *Stamper* v. *Miller,* 3 Atk. 212; *Roles* v. *Roswell,* 5 Term. 538; *Hardy* v. *Bern,* 5 Term. 540; *Walcott* v. *Golding,* 8 Term. 126; *Downer* v. *Hazen,* 10 Vt. 418; *Mayor, &c. New York* v. *Furze,* 3 Hill 612; *Rex* v. *Barlow,* 2 Salk. 609; Rockwell's case, 1 Vern. 152; 2 Swift Dig. 132.

*J. L. Stark* and *A. B. Gardner,* for the petitioners.

The opinion of the court was delivered by

REDFIELD, CH. J. This is a motion for certiorari for the purpose

of quashing the proceedings of the county court in establishing a highway in the village of Bennington, where proceedings were first taken before the selectmen of the town, on the ground that the statute incorporating the village has given the exclusive jurisdiction of this subject, in the first instance, to the trustees of the village.

The fourth section of the act of incorporation of the village gives the trustees of the corporation power to expend two-thirds of the highway tax assessed by the selectmen of the town upon the polls and rateable estate within the village, and " to lay out, alter, maintain and discontinue any street, road, lane or walk in said village," and to appraise and settle damages, giving the same right of appeal to the county court as in cases of highways laid out by the selectmen, but in no manner, by express terms, taking away any control the selectmen might have over the highway within the village.

There may be some incongruity in having a concurrent power to lay out and discontinue highways in a village, vested in the selectmen of the town and the trustees of the village. But we think if it had been the purpose of the legislature to deprive the selectmen of the town of all control over the subject, some more specific provisions upon the subject would have been considered necessary.

As the law now stands there is no provision for compelling the village by indictment to keep their highways in repair, or for maintaining an action against them for losses sustained by reason of defects therein. And there is no provision, upon the construction claimed, for laying highways continuously, part of which lie within the limits of the village and part without.

We think these matters should be provided for, and the burden of maintaining highways in the village, and liability for damages on account of defects therein, be transferred to the village, before we could feel justified, by mere construction, in depriving the selectmen of the town of all control over the subject.

Petition dismissed with costs.