Landon et al. v. Village of Rutland.

WALTER C. LANDON AND OTHERS *v.* VILLAGE OF RUTLAND.*

*Highways. Towns. Villages. Parties.*

The trustees of the village of Rutland having refused to lay out a highway on petition, the petitioners had a right to make application to the county court for commissioners, the same as though the refusal had been by the selectmen, but the town, and not the village, should have been made the defendant in the county court proceedings.

A petition, therefore, against the village was properly dismissed as against the wrong party.

THIS was a petition for the appointment of commissioners to lay out a highway within the boundaries of the incorporated village of Rutland, in the town of Rutland, the petitioners alleging that application had been made to the trustees of said village agreeably to the provisions of the act of incorporation of the village, as amended by the act approved November 9, 1865, (Acts of 1865, No. 141, page 212, section 9,) to lay out and survey the said highway and that said trustees had neglected and refused so to do. On the entry of the petition in the county court, the corporation of the village of Rutland appeared, by its attorneys, and filed a motion to dismiss the petition for certain causes therein set forth.

On the hearing on the petition and motion, the court, KELLOGG, J., presiding, decided, *pro forma*, that the petition should be dismissed with costs to the defendant, for the causes set forth in the motion, and rendered judgment in accordance with this decision. To this decision and judgment the petitioners excepted.

The petition was as follows :

---

* Heard at the January term, 1867.

" The undersigned, freeholders and inhabitants of the village of Rutland, a corporation duly existing under and by virtue of the laws of Vermont, and located within the town of Rutland, in said county, respectfully represent that heretofore, to wit: on the 10th day of May, A. D. 1866, Isaac Gibson, Henry O. Perkins, Rufus Frost, and others, freeholders of said village of Rutland, made application to the trustees of said village of Rutland to lay out and cause to be surveyed a public highway or street in said village, extending from the present eastern terminus of Spring street, so called, in said village, in the same general direction of said street, to Grove street, so called, in said village; and that said trustees have wholly neglected and refused so to do. And the undersigned therefore respectfully make application, according to the statute in such case made and provided for that purpose, and pray that commissioners may be appointed to make examination and report to your honorable court in the premises, and that such further order may be made in the premises as the statute in such case provides, and as to your honorable court shall seem to be meet.

" And your petitioners further set forth and represent, that by an act of the legislature of this state, approved November 9, A. D. 1865, entitled " an act to amend an act entitled ' an act to incorporate the village of Rutland,' approved November 15, 1847," it is provided among other things that " the trustees of said village may lay out, alter, maintain and discontinue any street, road, lane alley or walk, in said village, and appraise and settle the damages therefor, causing their proceedings to be recorded in the town clerk's office in said town; *provided*, that any person aggrieved by their proceedings shall have the like opportunity for applying to the county court, for the county of Rutland, to obtain redress, as is or may be allowed by law to those aggrieved by the proceedings of said selectmen in similar cases." And your petitioners represent that they are aggrieved by the proceedings of said trustees, as heretofore set forth. And they hereby refer to said act of incorporation of said village of Rutland, and to said amendment thereto, and make them a part of this their petition.

" Dated at Rutland, in said county, on this 16th day of July, A. D. 1866."

The village of Rutland moved to dismiss the petition for that,

" 1. Upon the facts set forth therein, no proceedings thereon can be legally had and maintained against said village of Rutland.

" 2. For that a petition to said court does not lie and can not be maintained upon the refusal or neglect of the trustees of said village to lay out said highway therein set forth.

" 3. For that said petitioners are not entitled to the remedy therein prayed for, upon the refusal of said village trustees to lay out said highway.

" 4. For that said petition can be maintained only against the town of Rutland, upon a refusal or neglect to lay out said highway by said village trustees."

*Charles C. Dewey*, for the petitioners.

It is insisted that by fair implication, if not in express terms, the exclusive jurisdiction over streets, roads, lanes, alleys and walks, within the limits of the corporation of the village of Rutland, is given to the trustees of the village. Section 9, No. 141, Acts of 1865.

At all events, the trustees, in behalf of the village, have *concurrent* jurisdiction with the selectmen, in behalf of the town, to lay out streets and highways within the corporation. *Bennington* v. *Smith et al.*, 29 Vt., 254. The power to "lay out" implies the power also to *refuse or neglect* to lay out a street or road, and their action in either case may be properly termed the "proceedings."

*Prout & Dunton*, for the defendant.

The opinion of the court was delivered by

STEELE, J. On the refusal of the village trustees to lay the road, we think it clear that the petitioners had a right to make application to the county court. If the legislature had given that court original jurisdiction in the matter, without requiring *any* previous proceedings before either trustees or selectmen, the law would have been valid and not entirely unprecedented. It is therefore no objection to the *validity* of the act that it requires previous proceedings before the officers of the *village* only. The proceedings in the county court should, however, have been against the town and not against the village, which, as the act stands, is merely a highway district of the town. The trustees of the village are to some extent clothed with the authority of selectmen and highway surveyors in their highway district, but the

town is still responsible for the highways in this district as in all others. To what extent, owing to this responsibility, the town authorities may revise the acts of the trustees, if at all, and how far the authority of these trustees in their highway district may be exclusive, and how far concurrent, we find no occasion to decide. Some of these points were raised and decided upon a similar charter in the case *Bennington* v. *Smith et al.*, 29 Vt., 254. The petition was properly dismissed as against the wrong party.

The judgment of the county court is affirmed.