MARKS v. THE COUNTY OF WOODBURY.

1. **Taxation:** HIGHWAY: POWER OF TRUSTEES. The power of township trustees to divide their townships into road districts extends only to so much of the townships as is not embraced in a city, and their power to levy a tax is co-extensive with the same territory.

*Appeal from Woodbury Circuit Court.*

THURSDAY, DECEMBER 13.

ACTION to recover from the defendant, Woodbury county, the amount of a certain tax paid under protest. The tax in

question was a road tax levied by the trustees of Sioux City township upon certain real estate in the township belonging to the plaintiff, but which real estate is also within the city of Sioux City. Judgment for plaintiff. Defendant appeals.

*Geò. W. Wakefield*, for appellant.

*Marks & Hubbard*, for appellee.

Adams, J. The question presented is as to whether the township trustees had power to levy a road tax upon the property in question, it being in the city of Sioux City.

1. TAXATION: highway: power of trustees.

The appellant relies upon Sec. 969 of the Code, which provides that " at the April meeting the township trustees shall determine upon the amount of property tax to be levied for highways, bridges, guide boards, plows, scrapers, tools and machinery adapted to the construction and repair of highways, and for the payment of any indebtedness previously incurred for highway purposes, and levy the same, which shall not be less than one nor more than five mills on a dollar on the amount of the township assessment for that year." The counsel for the appellant ingeniously maintains that the tax is to be levied upon the township assessment, and that the township assessment includes the assessment for the whole township, as well inside of any city therein contained as outside. Strictly speaking, however, a tax is levied upon property; the assessment determines the amount. We think that the section cited means simply that the tax, which is to be levied upon the property liable to the tax, shall not be less than one nor more than five mills on a dollar on the amount of the township assessment for that year. In the language quoted, we think it was not designed to point out what property the tax is to be levied upon; to determine that we must look elsewhere. Section 527 of the Code provides that the city council shall have the care and control of all public highways and streets, and shall cause the same to be kept in repair. This necessarily excludes the care and control of any other officers. Section 699 provides that at the October meeting the trustees shall divide their respective townships into such

number of highway districts as they may deem necessary for the public good. We cannot think that it is designed that the trustees shall divide a city which may be within the township. The provision that the trustees shall divide their respective townships may be complied with substantially by dividing all excepting so much as may be embraced within a city. This view is strengthened by the fact that a highway supervisor is to be elected annually for each highway district. But the highway districts are those created by the trustees in the division of the respective townships at the October meeting. The duty of the supervisor is to collect and expend the road tax within his district. No highway supervisor is to collect or expend a road tax within a city. We conclude, then, that the power of township trustees to divide their townships into road districts extends only to so much of their townships as is not embraced in a city, and that their power to levy a tax is co-extensive with the same territory.

AFFIRMED.