JUDGE ELLIOTT
delivered the opinion of the-court.
The indictment charges the appellants with having erected and continued a fence across a part of David Street, in West Covington, for three hundred and sixty days.
The indictment is intended to punish the offense defined by section 41 of chapter 94 of the General Statutes, which provides that “when a fence shall be erected in or across a public road, the person erecting, or causing to be erected, such fence, shall pay a fine of $1 for every twenty-four hours the fence shall continue in or across the road.”
The jury found the defendants guilty, and assessed their fine at $360, which was adjudged against them by the court, and the court having overruled their motions in arrest of the judgment, and for a new trial, they have appealed.
Various errors are assigned by appellants, some of which we shall proceed to notice.
During the progress of the trial the appellee was permitted, over the objections and exceptions of appellants, to read the record of an indictment and judgment against appellant John W. Clark, for a previous obstruction of David Street by a fence.
This evidence was inadmissible as to Alice A. Clark, because she was not a party to that litigation, and because the record did not show that the purprestiire was the same complained of in this indictment. The trial and conviction of appellant John W. Clark, for the obstruction of David Street, was certainly no evidence that appellant Alice A. Clark had committed a similar' offense.
*169 The town of West Covington was incorporated by an act of the legislature approved February 16, 1858. By the fifth section of the act of incorporation it is provided that “the said trustees shall have power and authority to cause and procure all the streets and alleys, market-places, and lanes in said city to be graded, paved, macadamized, or turn-piked at the expense of said town, as a majority of said trustees, at a regular or called meeting, may determine, and in the same manner cause such sidewalks to be graded and paved, and with such materials and in such manner as they may determine; and they shall have the power, in like manner, to keep the streets and sidewalks in repair.”
Section 41 of chapter 94 of the General Statutes, by its terms applies to the public roads of this commonwealth, and although a street in a town is a public way, it is not, in our opinion, a public road in the meaning of that section.
The public roads of the state are under the supervision and control of the county courts, while the streets, etc., of the towns of the state are under the supervision and control of the board of trustees, or other town or city authorities.
Public roads and streets are distinct thoroughfares that are managed and controlled by distinct municipal authorities, and a statute punishing a purpresture of the one, will not by construction be extended to the other in the absence of any words in the statute, showing that such other was intended to be. included.
Mr. Dillon, in his work on Municipal Corporations, says that the townships, counties, etc., of the United States have the general contrdl and supervision of'ordinary public highways, while in towns and cities such control is usually conferred on their corporate authorities, but he is frank to confess that the question as to when the jurisdiction of the one is excluded by the charters of the other is a nice and difficult one. (Dillon ’on Municipal Corporations, sec. 534.) And he *170 refers to various decisions where it has been settled that county-courts have no authority to open up roads through incorporated towns. It has also been settled that an act of the legislature, authorizing the county court to lay off such public roads within the county as are deemed proper, does not give authority to lay off or establish streets in an incorporated town because, say these decisions, a highway is not a street, either technically or in common parlance. (Cowan’s case, 1 Overton (Tenn.), 311; Indianapolis v. Cross, 7 Ind. 9; Lafayette v. Jenners, 10 Ind. 74.) It has also been decided that statutes in relation to public highways do not apply to incorporated towns and cities (Dillon on Municipal Corporations, sec. 535); and in New Jersey it was held that the general road-acts of the state do not apply to incorporated towns having authority to regulate and improve their streets, etc.
The statute under which appellants were convicted is highly penal, and should not be so extended by construction as to include offenses not covered by the ordinary import of the language used.
It can not be doubted that the obstruction of a street is a common-law offense, and that such purpresture can be punished by indictment; but it can not be punished under an in-' dictment for obstructing a public road by virtue of section 41 of chapter 94 of the General Statutes, as that section only applies to the public roads outside of the towns and cities of the state.
Wherefore the judgment is reversed, and cause remanded with directions to sustain the motion of appellants in arrest of judgment, and to dismiss the indictment.