## CLARK v. THE TOWN OF EPWORTH.

1. **Municipal Corporations**: CONTROL OF STREETS: LIABILITY FOR PERSONAL INJURY. Section 465 of the Code confers on incorporated towns full control over their streets, and a town cannot escape liability for an injury sustained by reason of the unsafe condition of its streets on the ground that they were put in such condition by the supervisor of the road district.

*Appeal from Dubuque Circuit Court.*

MONDAY, JUNE 20.

THE plaintiff filed a petition in substance alleging that the defendant is a municipal corporation organized and existing under the general laws of the State, and it is its duty to keep the streets in said incorporated town in good order and repair; that within said town there is a street called and known as Main street, which is a public highway for the passage of all persons on foot and with teams; that with the knowledge, approval and consent of the defendant a deep and dangerous ditch had been dug across Main street, just where said street crosses Center street, within the incorporated limits of said town, which was on the 22d day of June, 1880, and during the night of said day negligently left uncovered, without any proper protection, and without any light or signal to indicate danger; that on the night of the 22d of June, 1880, the plaintiff with his wife and minor son were lawfully passing along said street within the corporate limits of said town, in a wagon drawn by horses, and while on said Main street plaintiff, wholly unaware of danger, and without any fault or negligence on his part, drove into said ditch, by reason of which plaintiff's wagon was overturned, and he, and his wife and his son, were greatly injured, to the damage of plaintiff in the sum of one thousand dollars. The defendant demurred to this petition on the following grounds: "The petition does not show that the defendant had control of its streets at the

Clark v. The Town of Epworth.

time of the accident, or that the injury complained of was caused or occasioned by any act done by the defendant."

This demurrer was overruled. Afterward, by consent of parties the ruling on the demurrer was set aside, and plaintiff amended his petition as follows: "That with the knowledge, consent and approval of said defendant town and its officers, the highway supervisor of the township in which defendant town is situated dug a deep and dangerous ditch across said Main street just west of where said street crosses Center street, and within the incorporated limits of said defendant town, and that, although said defendant town and its officers well knew the same to be in said street, they negligently suffered the same to remain open and uncovered, and in a dangerous condition on the night of the 22d day of June, 1880, and by reason of which plaintiff, while passing along said street on said night, and without any fault or negligence on his part, sustained the injuries complained of."

The parties agreed that the demurrer already filed should apply to the petition as amended. Thereupon the court sustained the demurrer. The plaintiff refused to further amend, and judgment was rendered against him for costs. The plaintiff appeals.

*Utt Brothers*, for appellant.

*McCeney & O'Donnell*, for appellee.

DAY J.—It is conceded that the question sought to be raised by the demurrer, and the only one which either party desires to have determined is: "Can an incorporated town, organized under the general incorporation act, be held liable to a citizen for an injury sustained by him while passing along a public highway in said town, which was occasioned by an excavation made in such highway by the supervisor of the highway district in which said town is located, while such supervisor was engaged in repairing the highway?"

1. MUNICIPAL corporations: control over streets: liability for personal injury.

It is claimed by the appellee that road districts include incorporated towns; that road supervisors are voted for by the inhabitants of such towns; that road taxes are levied upon the property included in such towns and paid over to the road supervisor, whose duty it is to expend the tax upon the highways in his district, including streets in an incorporated town, and, as a consequence, it is insisted that for any defect in the street occasioned by the road supervisor, while engaged in repairing the street, the incorporated town cannot be held responsible.

Section 969 of the Code provides that the township trustees shall divide their respective townships into such number of highway districts as they may deem necessary for the public good. This provision is broad enough to confer upon the township trustees unrestricted control over the establishment of highway districts in their townships; yet in *Marks v. The County of Woodbury*, 47 Iowa, 452, it was held that the power of township trustees to divide their townships into road districts extends only to so much of the township as is not embraced in a city. The decision was based upon Sec. 527 of the Code, which provides that the city council shall have the care and control of all public highways and streets within the city, and shall cause them to be kept in repair. It was held that this necessarily excludes the care and control of any other officers. Chap. 10, Tit. 4 of the Code, confers certain general powers upon both cities and incorporated towns. Among these powers, Sec. 465 provides: "They shall have power to provide for the grading and repairs of any street, avenue, or alley, and the construction of sewers, and shall defray the expenses of the same out of the general funds of such city or town." Sec. 5, Chap. 51, Laws of 1874, repeals so much of this section as requires the expense of the grading of alleys to be paid out of the general funds. See Miller's Code, page 135.

Sec. 465 of the Code confers upon an incorporated town *power* to provide for the grading and repairs of any street.

Power to thus grade and repair must of necessity be accompanied with *control* over the streets, for without such control the power could not be exercised.   Power to grade and repair would be futile, if a grade made by the town authorities one week could be destroyed by the road supervisor, in the discretionary discharge of his duties, the next week.   The same reasoning which, under Sec. 527 of the Code, inhibits the township trustees from including a city in a road district, inhibits them, under Sec. 465, from including an incorporated town in such road district.   The inconvenience and conflicts which would arise from allowing two independent bodies to assume charge of the grading and repairing of streets in a town, are so apparent that they need not be mentioned.   In our opinion, Section 465 of the Code confers upon the defendant control of its streets, and it cannot escape liability upon the ground that its streets were put in an unsafe condition by the road supervisor.

REVERSED.