## GALLAHER v. HEAD ET AL.

1. **Highways**: ESTABLISHMENT IN CITIES AND INCORPORATED TOWNS: POWER OF SUPERVISORS. The county supervisors have no authority to establish a highway within the limits of an incorporated city or town; but the rule is different in regard to unincorporated towns. (See opinion for statutes and cases cited.)

*Appeal from Greene Circuit Court.*

FRIDAY, JUNE 24.

THE principal defendants constitute the board of supervisors of Greene county, to whom a petition was presented for the establishment of a highway. The prayer of the petition was granted. Thereupon the plaintiff obtained a *certiorari*, for the purpose of testing the legality of the action of the board, upon the ground that the highway which was established over the plaintiff's land was within the corporate limits of the incorporated town of Jefferson, and therefore the board of supervisors exceeded its jurisdiction. The relief asked was that all the proceedings of such board be "annulled and held for naught." The relief asked was denied, and the plaintiff appeals.

*Brown & Carney* and *J. A. Gallaher*, for appellant.

*Russell & Tolliver*, for appellee.

SEEVERS, J.—It is conceded that the plaintiff owned certain real estate within the corporate limits of the incorporated town of Jefferson, which had not been laid out into blocks and lots, and had not been platted and recorded as such, but was used for agricultural purposes. It is assumed by counsel, and we infer it to be true, that no streets or alleys had been laid out over the plaintiff's land. The question, therefore, is fairly presented whether, under the statutes of this state, the board of supervisors are authorized to establish highways over territory within the limits of an incorporated town. The authorities bearing on this subject are not

in accord, because of differences in the statutes, or in the constructions thereof. It has been held in the following cases that counties, or what is equivalent thereto, have the requisite power and jurisdiction over such territory: *Wells v. McLaughlin*, 17 Ohio, 99; *Baldwin v. Green*, 10 Mo., 410; *Butman v. Fowler*, 17 Ohio, 101; *Bennington v. Smith*, 29 Vt., 254. The contrary has been held in the following cases: *State v. Jones*, 18 Tex., 874; *Indianapolis v. Croas*, 7 Ind., 9; *Ottawa v. Walker*, 21, Ill., 605; *Cross v. Mayor of Morristown*, 18 N. J., Eq., 305. Boards of supervisors have the power and authority to establish highways. (Code, § 920.) This general grant of power is not in terms restricted to territory not within an incorporated town or city. Cities and incorporated towns have also the power to "lay off, widen, straighten, narrow, vacate, extend and establish" streets and alleys. (Code, § 464.) Such power is limited to territory within the corporate limits. If boards of supervisors have the power to establish highways over the same territory, then they and cities and towns have the same power. This clearly is not desirable, and we think was not contemplated. This fairly appears when the several provisions of the statute bearing upon this question are considered.

When the board of supervisors establish a highway, it is the duty of the auditor to notify the township clerk of such fact, whose duty it is to notify the highway supervisor to have the same opened and worked. (Code, § 949.) Such supervisor has no authority to open or work a highway within the corporate limits of a city or town. The street commissioner of the corporation, however, has such authority. And although the territory in question may not have been taxable for general municipal purposes, because it was used for the purpose of agriculture, yet it is taxable by the corporation for highway purposes. (Chapter 158 of the acts of the Nineteenth General Assembly.) There is a clear and recognized distinction between streets and highways in cities and incorporated towns and unincorporated towns. The lat-

ter are deemed to be a part of the highways of the county, and are regarded as being under the power and jurisdiction, for all purposes, of county and township officers, while the former are subject to the exclusive control of the officers of the municipality. (Code, §§ 952, 953.)

It is also true that cities and incorporated towns have the control of all territory within the corporate limits, to abate nuisances, regulate fast driving on streets and highways thereon, to authorize or forbid the laying down of railway tracks over the streets and highways, to license exhibitions thereon, and many other things of like character. It seems to us that, when the several powers so conferred on municipal corporations are considered, the jurisdiction and power of such corporations over territory within the corporate limits must be regarded as exclusive for the purpose of establishing highways or streets on or through such territory. While it has not been directly so decided, we think in principle it has been so held. Public bridges are a part of a highway. (Code, § 45, subd. 5.) And in *McCullom v. Black Hawk County*, 21 Iowa, 409, it was held that a county was not liable for an injury caused by a defective bridge within the corporate limits of a city, although the highway had been established and the bridge constructed and maintained for many years by the county prior to the incorporation of the city. So, in *Clark v. Town of Epworth*, 56 Iowa, 462, it was held the town had full control of the streets, and that it could not escape liability for an injury caused by the unsafe condition thereof on the ground that they were put in such condition by the supervisor of the highway district. We cannot think it was contemplated that both counties and cities should have concurrent jurisdiction over such territory for the purpose of establishing highways, for the reason that it is quite clear that the jurisdiction and liability of the counties would cease immediately upon the establishment of the highway, and all the burden of maintaining it be cast on the municipality.

Counsel for the appellee seems to apprehend that the general public may not be able to obtain ready and convenient access to cities and towns unless counties have the power to establish highways over territory within the corporate limits over which no streets have been located. But it seems to us that no serious difficulty in this respect can possibly occur, and it is certain, if the county may establish a highway over such territory, the city may immediately vacate it. We are therefore of the opinion that the court erred in not granting the relief asked by the plaintiff. REVERSED.