Bissell, J.,
delivered the opinion of the court.
Sundry taxpayers of Garfield county filed a bill to restrain the board of county commissioners from executing and carrying out a contract to erect a bridge across Grand river. Respecting the bill, it is enough to state it contained all the requisite averments to entitle the complainants to maintain their suit, if the essentials were sustained by proof. A mass of testimony respecting the locality of the bridge and the existence of a highway on the southerly side of the river was produced, but the bulk of it may be dismissed from consideration. The whole case turns on the question of the power of the board of county commissioners of Garfield county to build a bridge on the site selected. There are but a few facts essential to the discussion or to the easy apprehension of the case. The proposed bridge was to be erected across the river and its northerly terminus would be at the foot of 3d street in the town of New Castle. On the south side of the river the town had not been platted, but the land was owned by The Glenwood Hot Springs Company. To reach the river a right of way would of necessity have to be purchased, and the approaches to the bridge constructed. The entire bridge would be located in the town of New Castle. Both the approaches would be in the same municipal corporation, and the only access to it in any direction would be over streets or highways controlled by the municipal authorities.' The building of the bridge and its approaches, together with the estimated cost to acquire the right of way, would bring the total expenditure very close to thirteen or fourteen thousand dollars, at the very lowest estimate placed on it. A preliminary injunction was granted, but on final hearing it was dissolved and the bill dismissed. The taxpayers prosecute the appeal.
The evident convenience to the public which would result *281 from the building of the bridge and the possible necessity for its construction has led the court to examine the case with considerable care and to reach its conclusion after much hesitation. The lack of jurisdiction and authority in the board of county commissioners to construct a bridge at the point selected is so thoroughly settled by the current of decisions as to compel us to reverse the judgment. The nature of the corporate authority possessed by a county is not involved in the litigation. The wide difference which exists between powers possessed by a municipal corporation and those which may be exercised by the governing body of a county is recognized in every case where the subject has been considered. The county is organized for governmental purposes, and is in reality part of the state’s organization, possessing such jurisdiction and such power as the legislature has seen fit to confer. On the other hand, the municipality, while created under the general law and by virtue of the powers granted by the legislature, is the voluntary act of the inhabitants of the corporation, and when completed it may only exercise the delegated powers subject to well recognized rules of law which affix a vastly different liability on their exercise. Several state courts have decided where power was delegated to both the county and the municipal authorities, and there was no limitation in the statute on the power of the county board to act within the limits of the incorporated town, their powers would for many purposes be coextensive with the territorial limits of the county, even though they might be exercised within municipal limits. These cases are not very satisfactory. The reasons given are neither persuasive nor convincing, and are not in harmony with the general current of authority. We likewise conclude the decisions of the supreme court of this state are not in line with these eases. Our statutes respecting counties, towns, and cities, so far as we have been able to discover, and so far as they have been referred to by counsel, contain no specific provision restricting the powers of boards of county commissioners to such parts of the county as may not be included within the *282 limits of incorporated towns and cities. Yet, if we follow those cases which hold the jurisdiction of towns to be exclusive within the limits of their organization, we can sustain our conclusion. In re Public Road, 54 N. J. 539; City of Goshen v. Myers, 119 Ind. 196; McGrew v. Stewart, 51 Kan. 185; Peoria & P. U. Ry. Co. v. People ex rel., 144 Ill. 458; Clark v. Commonwealth, 14 Bush, 166; Gallaher v. Head et al., 72 Iowa, 173; Tucker et al. v. Conrad, 103 Ind. 349; The State v. Jones, 18 Tex. 874; Cowan’s Case, 1 Overt. 311; Roads & Streets, Elliott, chap. 19.
Much of the argument in these cases is of the ab inoonvenienti sort, but of exceeding force and evident utility. It is impossible to concede to boards of county commissioners authority to build bridges and construct roads within the limits of towns without producing an endless confusion and an ultimate conflict. It is a little difficult to apprehend the status of the right to control a bridge built by the county government within a city, or to determine exactly the status of the title to the property. To carry this speculation to any logical conclusion would be idle, but it is suggestive of the difficulties which would arise from the enforcement of any other rule. Many illustrations of the absurdity of the contention could be given, but it is enough to rest our conclusion upon this very substantial current of decisions. The precise question was not before the supreme court in the cases which will be cited, but, in many matters which were essential to their conclusions, the court has declared the law in exact accord with this line. The whole subject is covered by the three chapters of the General Statutes, 23, 95, and 119. Each organization is clothed with ample power to carry out the declared purposes for which they are organized, and within their respective limits are given full power and control in the one case over highways and in the other case over streets and bridges. This delegation of authority has been held to be entirely within the power of the legislature, and when granted and exercised under the grant to be entirely exclusive. City of Denver v. Dunsmore, 7 Colo. 328; City of Boul *283 der v. Niles, 9 Colo. 415; Denver & S. F. R. Co. et al., v. Domke et al., 11 Colo. 247.
Those cases concern the power and control which municipal corporations exercise over streets, and the general liability for any failure to care for them. It was concluded municipal corporations were liable for neglect in the discharge of this duty, but the liability was put on the ground that the corporation was invested with the exclusive right to care for its streets, which carried with it a correlative responsibility for any neglect in the discharge of this duty or in the exercise of this power. These conclusions are in entire accord with the doctrine of the other cases which have been cited. We therefore conclude the board of county commissioners of Garfield county were without authority to construct or maintain a bridge within the limits of the town of New Castle, and the appropriation of the county funds to that purpose was such an illegitimate use of the funds of the county as gave a right of action to taxpayers who might be injured by the expenditure. Crampton v. Zabriskie, 101 U. S. 601.
Further proceedings in this case will not probably alter the essential facts on which the decision rests, but the case will be reversed and remanded for further proceedings in the court below in conformity with this opinion.

Reversed.