## M. MASON ET AL.

v.

## VILLAGE OF ST. ALBANS AND TOWN OF ST. ALBANS.

JANUARY TERM; 1896.

*Whether town or village of St. Albans can be compelled to lay out highway.*

1.  Under the charter of the village of St. Albans, the town alone can be compelled, by order of court, to lay out and open a highway within the limits of that village.
2.  Having applied to the village trustees to lay the proposed highway, the petitioners may go directly to the county court without application to the selectmen of the town.
3.  *Landon* v. *Village of Rutland*, 41 Vt. 681, followed.

Petition against both the town and village of St. Albans for the laying out of a highway. Heard upon the report of commissioners at the September term, Franklin county, 1895, MUNSON, J., presiding. The commissioners found that the public necessity required the highway and that the same was within the limits of the village, and submitted to the court whether it was encumbent upon the town or village to construct it. The court held, as matter of law, that it had no power to compel the village to lay out, work and open said highway, and made an order upon the town to that effect. The town excepts.

It appeared that application was made to the village trustees to lay the highway before the bringing of this petition, but that no such application had been made to the selectmen; also that all proceedings before the commissioners were objected to by the town for want of jurisdiction.

*Farrington & Post* for the town.

The duty to lay out and maintain this highway rests upon the village, for its charter operates as a repeal of the general highway law as to the territory within its bounds.  1 Dill. Mun. Corp. ss. 88-9; *Giddings and wife* v. *Cox*, 31 Vt. 607; *St. Johnsbury* v. *Thompson*, 59 Vt. 300, 304-5.

If it does not, the court had no jurisdiction in this case for that no previous application had been made to the selectmen of the town.  *Dunn* v. *Pownal*, 65 Vt. 116; *Crawford* v. *Rutland*, 52 Vt. 412; *French* v. *Holt*, 53 Vt. 364; *In re Snell*, 58 Vt. 207.

*Hogan & Royce* for the village.

The case of *Landon* v. *Village of Rutland*, 41 Vt. 681, is identical with this.  Its principles have often been recognized and it should be followed here.  *Campbell* v. *Town of Fairhaven*, 54 Vt. 336; *Parker and Wife* v. *Village of Rutland*, 56 Vt. 224; *Wilkins* v. *Village of Rutland*, 61 Vt. 336; *Bates and Wife* v. *Village of Rutland*, 62 Vt. 178; *Buchanan* v. *Town of Barre*, 66 Vt. 129; *Crockett* v. *Village of Barre*, 66 Vt. 269.

TAFT J.   This case involves the same question decided in *Landon* v. *Village of Rutland*, 41 Vt. 681.  We have no disposition to overrule that case.

*Judgment affirmed.*