Bell, J.
A complaint was filed in the District Court of Las Animas County, Colorado, setting up that the plaintiff was a municipal corporation, known as a city, of the second class, and was charged as such with the care, supervision and control of all public highways, bridges and streets within its limits; that it was the duty of such city to cause said highways, bridges and streets to be kept open and in repair, and free from nuisances, and in a reasonably safe condition for travel; that it was the duty of the County of Las Animas, under the law, to repair, or repay said plaintiff for repairing, all public bridges within the limits of said city, exceeding 40 feet in length, over any stream crossing a state or county highway; that the Linden Avenue and West Main Street bridges, each within the boundary lines of said city, and each exceeding 40 feet in length, over a stream crossing a state or county highway, was, in May and June, 1913, out of repair and unsafe and dangerous for use and travel; that during said time, said city put said bridges in a proper state of repair at a necessary expenditure of $1,015.16; that the bill for said repairs was duly verified and presented to the Board of County Commissioners of said county, with a request that the same be allowed; that said bill was rejected; and that an appeal was taken to said District Court.
A general demurrer to the complaint was filed and by Judge McHendrie, sustained for the sole reason, as it. was said:
“That the Appellate Court in the case of Nelson et al. v. Board of County Commissioners of Garfield County, 6 Colo. App., 279, 40 Pac., 474, has determined that the Board of County Commissioners of a county have no authority to appropriate and expend any of the county road and bridge funds to either construct or repair a bridge within the corporate limits of a city.”
*209 Section 6577, R. S., 1908, was discussed in the case cited and relied upon, and reads as follows:
“The city council shall have the care, supervision and control of all public highways, bridges, streets, alleys, public squares and commons within the city, and shall cause the same to be kept open and in repair, and free from nuisances. All public bridges exceeding forty feet in length, over any stream crossing a state or county highway, shall be constructed and kept' in repair by the county; Provided, that the city council may appropriate a sum not exceeding ten dollars per lineal foot to aid in the construction of any county bridge within the. limits of such city, or to aid in the construction of any bridge contiguous to said city on a highway leading to the same, or any bridge across any unnavigable river which divides the county in which said city is located from another state.”
We have, examined the records and briefs filed in the Nelson ca&e, and find that able counsel therein were agreed that the section above quoted did not confer power on the Board of County Commissioners to build, or repair bridges, and could not, because of the inhibition in sec. 21, art. 5,- of the State Constitution, against legislation unless the subject thereof should be clearly expressed in its title. In speaking of the section of the Revised Statutes here under consideration, counsel in the Nelson case, in their endeavor to sustain the right of the Board of County Commissioners of Garfield County to construct a bridge across the Grand River within the corporate limits of the town of New Castle, made the following significant admission in their brief, to-wit:
“If it should be argued that this statute gave counties power (to build bridges), the argument- would, tend to. destroy the statute itself^ "because the section is a. portion of an act entitled ‘An act in relation to muncipal corporations’ and is under the sub-title of ‘cities,’ and is.an act .which has no reference to counties. Under, sec. 844 of the Gonsti *210 tution, Mills, (sec. 21, art. 5), the statute would be void to the extent it undertook to give counties power, if it should be held that' it was by force of this statute that counties are given power to build' bridges within cities, because the ‘subject’ of the act would not then ‘be clearly expressed in its title.’ This would- be otherwise if the section under discussion were contained in the chapter on ‘Roads and Highways.’ ”
The unconstitutionality of the section we are here considering was forcibly presented to the former Court of Appeals in the Nelson case by counsel for Nelson et al., plaintiffs in error therein, and the soundness of their position was conceded by the opposing counsel. After examining the briefs and record filed in said case, and the judgment of the court thereon, we must infer that the court agreed with counsel on both sides that so much of said section as purports to permit counties to construct and repair public bridges exceeding 40 feet in length, over any stream crossing a state or county highway, is unconstitutional because the subject of the act is not clearly expressed in its title. However, counsel for defendants in error therein insisted that said section assumed the existence of the right of counties to construct bridges, and they argued that said section performed a useful function as a legislative construction, as it were, of sec. 3931, vol. 2, Mills’ Annotated Statutes, This last mentioned section provides that the county authbrities may lay out county roads and build bridges within the limits of their counties, without any specific reference as to whether they are within or without the boundaries ot towns or cities.
The court, in the Nelson case, considered the same general question of the power of County Commissioners to construct bridges within incorporated cities or towns, and among other things, held that the Colorado statutes contained no specific provision restricting the powers of Boards of County Commissioners to such parts of the county as were *211 not included within incorporated cities and towns. Nevertheless, it further held that the authority to construct bridges in such cities and towns was exclusively within the jurisdiction of such incorporated cities and towns, and cited as authorities for such holding, the following, viz.:
In re Public Road, 54 N. J. Law, 539, 24 Atl., 759; City of Goshen v. Myers, 119 Ind., 196, 21 N. E. 657; McGrew v. Stewart, 51 Kan. 185, 32 Pac. 896; Peoria & P. U. Ry. Co. v. People ex rel., 144 Ill., 458, 33 N. E. 873; Clark v. Commonwealth, 14 Bush (Ky.), 166; Gallaher v. Head et al., 72 Iowa, 173, 33 N. W., 620; Tucker et al. v. Conrad, 103 Ind., 349, 2 N. E., 803; State v. Jones, 18 Tex., 874; Cowan’s Case, 1 Overt (Tenn.), 311; Roads & Streets, Elliott, chap. 19. Further it said:
“The whole subject is covered by the three chapters of the General Statutes, 23, 95, and 119 (109). Each organization is clothed with ample power to carry out the declared purposes for which they are organized, and within their respective limits are given full power and control in the one case over highways and in the other case over streets and bridges. This delegation of authority has been held to be entirely within the power of the legislature, and when granted and exercised under the grant, to be entirely exclusive.” Citing
City of Denver v. Dunsmore, 7 Colo., 328, 3 Pac., 705; City of Boulder v. Niles, 9 Colo., 415, 12 Pac., 632; Denver & S. F. R. Co. et al. v. Domke et al., 11 Colo., 247, 17 Pac., 777.
That part of sec.-6577, R. S., 1908, which authorizes counties to construct and keep in repair all public bridges exceeding forty feet in length, over any stream crossing a state or county highway, although within the limits of a city, is very unusual. Counsel for plaintiff in error in the instant case admits that said section is identical with an Iowa statute, and that he has been unable to find any such statute in any other state.
*212 The Supervisors of Green County, Iowa, attempted to lay out a county road within the unplatted portion of the site of the incorporated town of Jefferson, Iowa. The Supreme Court of Iowa, in discussing a contest over the authority of the Supervisors, said:
“Boards of supervisors have the power and authority to establish highways. (Code, sec. 920.) This general grant of power is not in terms restricted to territory not within an incorporated town or city. Cities and incorporated towns have also the power to ‘lay off, widen, straighten, narrow, vacate, extend and establish’ streets and alleys. (Code, sec. 464.) Such power is limited to territory within the corporate limits. If boards of supervisors have the power to establish highways over the same territory, then they and cities and towns have the same power. This clearly is not desirable, and we think was not contemplated. * * * It seems to us that, when the several powers so conferred on municipal corporations are considered, the jurisdiction and power of such corporations over territory within the corporate limits must be regarded as exclusive for the purpose of establishing highways or streets on or through such territory. * * * Public bridges are a part of a highway.” (Italics are mine). Gallaher v. Head et al., 72 Iowa, 173, 174, 175, 33 N. W., 620, 621.
The Supreme Court of Iowa, in harmony with our former Court of Appeals in the Nelson case, supra, held, in Gallaher v. Head et al., supra, and in other Iowa cases therein cited with approval, in effect at least, that the general powers given by the Iowa statutes to incorporated cities and towns over their streets and alleys vested them with exclusive power in the premises, where not limited in specific terms.
It is the opinion of the court that the same principle involved in the instant case was determined and declared in. the Nelson case adverse to the contention of the plaintiff in error herein, and no sufficient reason appears which would *213 justify a modification of the principle so declared; and, therefore, the judgment under consideration is heréby affirmed.
Decided March 8th, A. D. 1915.
Rehearing denied April 12th, A. D. 1915.

Affirmed.

Cunningham, P. J., not participating.